# Richmond.

## VA. MIDLAND RAILWAY CO. V. WASHINGTON.

### MARCH 6th, 1890.

RAILROAD—*Lease of—Liability of lessor.*—Where railroad company has, by legislative authority, leased its road and transferred the exclusive possession and control thereof to another company, it cannot be held liable for injuries thereon sustained by a servant of the lessee through the lessee's negligence.

Error to judgment of circuit court of Alaxendria city, rendered September 26th, 1888, in an action of trespass on the case, wherein George Washington, Jr., was plaintiff, and the Virginia Midland railway company was defendant. The verdict and judgment being for plaintiff, defendant brought the case here upon a writ of error and *supersedeas*. Opinion states the case.

*William H. Payne*, for the plaintiff in error.

*J. K. M. Norton* and *Geo. Mushbach*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The declaration in this case claims $30,000 damages for injuries alleged to have been inflicted upon the plaintiff, George Washington, Jr., while he was serving the said Virginia Midland railway company as a fireman upon one of its freight

trains, by the negligence of the servant of the said company, which, on the 23d day of August, 1886, in Orange county, Virginia, caused the train upon which the appellee was so employed at the time as fireman, as aforesaid, to collide with the passenger train of the said company, marked on the schedule as No. 53.

Soon after the institution of this suit in the circuit court of Alexandria city, the said Washington brought a like suit, for the same cause of action and for the same amount ($30,000 damages) in Orange county, where the accident occurred, against the Richmond & Danville railroad company, which suit is now pending in the circuit court of said county.

There was a demurrer to the whole declaration, and specially to each count thereof. The circuit court of Alexandria city overruled the demurrer, and compelled the defendant to go to trial. In the progress of the trial the defendant objected to the introduction of the testimony of the plaintiff until a foundation was laid, and then moved to exclude it upon the ground of total irrelevancy to the case alleged in the declaration. It not only failing, utterly, to prove the alleged relation of the plaintiff (Washington) to the defendant (Virginia Midland railway company) as its employee at the time and place of the accident, and that the said accident or injury was caused, done, or occasioned by the said defendant company, but distinctly and absolutely proving that the said plaintiff was in the employment of the Richmond & Danville railroad company, then and there, as fireman upon a train of the said company; and that the injury was done by the said train being collided with another train of the said company under the management, control, and conduct of another servant or employee of the said Richmond & Danville company—viz., the conductor on the said passenger train No. 53. But the court overruled the motion to exclude the said testimony, and not only permitted it to go to the jury, but instructed them that "the defendant could not, by the lease shown in evidence, exonerate itself

from the duties and liabilities imposed upon it by law, and that it was the duty of the jury to consider the evidence before them as though the said motion (to exclude) had not been made." To which ruling of the court the defendant excepted.

Upon this evidence and this instruction the jury rendered a verdict for $10,000 damages for the plaintiff; which verdict the defendant moved the court to set aside, but the court overruled the motion and entered judgment upon the verdict. To this action of the court the defendant excepted, and the case comes up to this court upon the three bills of exceptions to the said rulings of the court.

The exceptions may be all grouped; as the demurrer to the declaration, the motion to exclude the testimony of the plaintiff, and the instruction given by the court to the jury, all present the question for this court to decide, viz: the liability of the defendant, Virginia Midland railway company, to respond in damages to the suit of the plaintiff, Washington, for injuries inflicted on him while he was an employee of the Richmond & Danville railroad company, by the negligence of the conductor of another train of the said Richmond & Danville company, which company had leased the said Virginia Midland railway, by virtue and authority of an express act of the general assembly of Virginia, for ninety-nine years, and was in the *exclusive* and absolute operation, possession, management, and control of the same, when its own employee, Washington, a fireman upon one of its own freight trains, was run into and injured by another train of its own, under the conduct of another employee of its own, the conductor of its passenger train No. 53, without the knowledge or complicity of the Virginia Midland railway company, defendant, who, by solemn act of the legislature had ceased to exist, so far as operating its road, and who had given up its road before this appellee was employed by the Richmond & Danville railroad company, and who owned and operated no trains, employed no servants, and had no knowl-

edge of, contract, or affinity with the plaintiff whatever, at any time or in any way?

We are of opinion that the circuit court erred in not excluding the evidence, after it manifestly failed to prove the case set out by the declaration against the defendant; and did, as manifestly, show an entire disparity between the *allegata* and the *probata;* and it aggravated the error, to the prejudice of the defendant, by its instruction, which, without defining what were the " duties and liabilities " which the defendant company could not escape, by the lease in evidence, virtually told the jury that one of the " duties and liabilities " to the public of the Virginia Midland railway company is to pay damages to the employees and servants of the Richmond & Danville railroad company, who are hurt by the negligence of the Richmond and Danville railroad company, provided the accident occurred on the road-bed of the *lessor,* Virginia Midland company. The court erred in refusing to set aside the verdict. It is established, beyond question or controversy, by the evidence of the appellees and by the pleadings, in the record, that the appellee, Washington, was not in the employment of the Virginia Midland railway company, which had, before Washington entered the service of the Richmond & Danville railroad company, by solemn and formal lease for a term of ninety-nine years (as it was duly authorized to do by acts of general assembly of Virginia, passed February 15th, 1866, and July 11th, 1870), surrendered and transferred the sole and exclusive use, management, possession, and control of itself and of everything pertaining to its autonomy, rights, powers, and duties, (except only so much as to keep itself alive), to the Richmond & Danville railroad company; of which said lease and transfer notice was given in the most public manner, by the authorities of the Virginia Midland railway company that they had abdicated, and by the Richmond & Danville railroad company that they had acquired and assumed control of the Virginia Mid-

land railway; and the pay-rolls and vouchers, running through the whole period of Washington's employment, all signed by him and all paid by the Richmond & Danville railroad, show conclusively, that Washington knew of the change of ownership and management, and knew whose " servant he was—to obey." He had contracted with the Richmond & Danville company; was in their service when he was hurt; and he was injured by the negligence of the conductor in the employ of the said company. These facts are all proved in the record; and there is no question of the fact of negligence, and of the severe injuries inflicted on the plaintiff, Washington, nor of his right to recover damages for the wrong and injury; but it is contended by the plaintiff, and was held by the circuit court, that, in spite of the lease, the contract relation of master and servant between the appellee (Washington) and the Richmond & Danville company, and of the negligence of that company, by whom and whose conductor he was injured, the defendant, Virginia Midland railway company, is liable to the suit of the plaintiff (Washington) for injuries received in the service of the lessee, Richmond & Danville railroad company, and which were caused by the negligence of that company.

A corporation exists and acts towards the *public* through and by its agents and agencies; but there is a discrimination between its duties, obligations and liabilities to the *public*, as such, and its duties and responsibilities to its own necessary employees, to whom it stands in the relation of master and servant, by contract of employment which may, or may not, implicate the risk or hazard of the employment. That question obtains between Washington and the Richmond & Danville company, in whose service and by whose servant he was injured. His case against the defendant is not within the reason or the rule of the numerous cases, decided by this and other courts, involving the policy and law of the duty and responsibility of railway carriers to the passenger public; nor even the duty and measure of redress due for injuries inflicted

by the negligence of their own servants upon those whom they employ and contract with to enable them to discharge their public duties. But the decision of the circuit court of Alexandria city, under review, is, that the *lessor*, Virginia Midland company, is liable to be sued and mulcted in damages by the employees of the *lessee*, Richmond & Danville company, for injuries caused in the service of that company to its own employees, by the negligence or malfeasance of the *lessee* company's own servants; *non obstante* the act of the general assembly of Virginia authorizing the lease of its road and the transfer of all its rights and powers; and the actual lease or transfer thereof in pursuance of the said legislative authority, given and enacted by the same grantor of its charter, and in as public a law, and as much in the interests of the *public*, as the charter itself.

It is contended, however, by the appellee, and was so decided by the court, that, as the act of the general assembly authorizing the Richmond & Danville company to *acquire*, " by lease or otherwise " of the Virginia Midland railway," its franchises and property, and to hold, use and enjoy the same in like manner as the proper franchises and property of the Richmond & Danville railroad company are held, used and enjoyed," does not, expressly and in terms, grant a positive *exemption* from the liabilities imposed upon it by law under its charter, the lease and transfer of its road, for ninety-nine years, to the absolute and entire and exclusive use, conduct and control of the Richmond & Danville railroad company, does not operate in law to release it from liability, not to the passenger public or even to its own servants, and for its own negligence, but to the working agencies employed by the Richmond & Danville railroad in operating and discharging their own duties to the public, and for the negligence and wrong-doing of the Richmond & Danville company's own servants.

This construction is not tenable in law or reason, and is not warranted by the broad scope, comprehensive language, and

obvious intendment of the act of the General Assembly, nor by the act of the parties to the lease. "The lease of a railroad, under due authority of law, effects a transfer of rights and liabilities in its management, so that the corporation owning the railroad is discharged from responsibility for the lessee's torts." Pierce on Railroads, 283, and note citing *Mahoney* v. *Atlantic & St. L. R. R. Co.*, 63 Maine, 68; *Ditchett* v. *Spuyten Duyvil & P. M. R. R. Co.*, 67 N. Y., 425; 5 Hun., 165; *Norton* v. *Wiswall*, 26 Barb., 618. "Statutes imposing police and other duties and liabilities on railroad companies are usually construed to apply to companies and persons who are in possession, under contract with, or by permission of, the company owning the railroad." Pierce on Railroads, 283, 284. "A railway cannot, without express statutory authority, divest itself of its franchise or delegate to others the performance of that duty which the legislature has imposed upon it." "On the other hand, where a railway, under due authority of law, has leased its line to another railway, the *lessor* railway is not liable for torts committed by the *lessee* railway in the operation of the line; yet in *Singleton* v. *S. W. R. R.*, 70 Georgia, 464; 21 Am. & Eng. R. R. Cases, 226, where a lease has been authorized by statute, the lessor railway was held liable *to a passenger* who was injured by the negligent operation of a train by the servants of the lessee railway, upon the ground that the statute authorizing the lease did not, in terms, exempt the lessor railway from liability; but this case is certainly in conflict with the current of authority." Patterson's Railway Accident Law, secs. 130 and 131.

In the case of *Mahoney* v. *Atlantic & St. Lawrence R. R. Company*, 63 Maine, 68, it was decided that the *lessee* company, for the purposes of the lease, became, *pro hac vice*, the owners of the road, and that, while the lessees operate the road under their lease, the *lessors* are not liable, under their charter or the statutes of the state, for an injury sustained thereon by a passenger, caused by the wrongful acts of the agents or servants

of the lessees toward him.    Nor is there in such case any
privity, either of contract or by implication of law, between
the passenger and the lessors as common carriers of passengers
by which they are rendered liable for such an injury.    The
remedy of the passenger for an injury thus caused, is against
the *lessees*, who had the exclusive use, care, direction, and con-
trol of the road, and with whom alone the passenger con-
tracted." See the case of *Georgia Railroad & Banking Co.* v.
*Friddell*, 7 S. E. Reporter, 214; *Nugent* v. *Boston, C. & M. R.
Railroad*, 5 N. E. Reporter, 1888; 80 Maine, 62–72.

All the cases cited and relied on by the appellee to support
his suit against the Virginia Midland railway company for
damages for injuries inflicted by the Richmond & Danville rail-
road company upon Washington, their own contract servant
and agent, in the operation of a road which was exclusively
their own road under a lease for ninety-nine years by special
legislative consent, given in a special act of the general assem-
bly of Virginia, of as much public importance and as high a
sanction as the original charter of the lessor company, are
inapplicable to the facts of this case, which take it wholly out
of the purview and the policy of the law which holds railroad
companies to the strict and inexorable duties which they owe
to the *public* and to their own servants withal, but not one of
them involved the question of liability on a lessor company to
an employee of the lessee company for injuries inflicted by the
lessee company upon their own agent or servant in their own
operations.

There is a proper suit of the appellee pending in the circuit
court of Orange county—the scene of the accident—against
the Richmond & Danville railroad company, in whose service
alone Washington was, and by whose conductor he was
injured; and in that suit the question of gross negligence, the
extent of his injuries, and the just measure of his redress must
be adjudged.

The verdict in this suit must be set aside and the cause dismissed. There is error in the judgment of the circuit court of Alexandria city as shown by this record, and it must be reversed and annulled.

Judgment reversed.