CASE 19—ACTION BY ANDREW SWICE'S ADMX. AGAINST THE MAYS-
VILLE & BIG SANDY RY. CO., A KENTUCKY CORPORATION, AND THE
CHESAPEAKE & OHIO RY. CO., A VIRGINIA CORPORATION, TO RE-
COVER DAMAGES FOR THE DEATH OF PLAINTIFF'S INTESTATE.—
JUNE 20.

# Swice's Admx. v. Maysville & B. S. Ry. Co.,&c.

### APPEAL FROM MASON CIRCUIT COURT.

ON REHEARING.   REHEARING GRANTED, FORMER OPINION WITHDRAWN
AND JUDGMENT AFFIRMED.

RAILROADS—LEASE OF LINES—LIABILITY OF LESSOR—SERVANT'S IN-
JURIES.

Held:   Where a railroad company, under valid legislative authority,
leases its lines to another road, it is not liable as an employer
for injuries caused to employes of the lessee through the lessee's
negligence.

A. E. COLE & SON, ATTORNEYS FOR APPELLANT.

The contention of appellees is that section 6, Kentucky Stat-
utes, does not give a joint cause of action, but was enacted solely
for the purpose of enlarging the class of persons who may re-
cover at common law, that when plaintiff's intestate accepted
employment he forfeited his rights as a member of the public,
and therefore the only duty owed him was that growing out
of his contract of employment with the Chesapeake & O. Ry. Co.,
to which contract the Maysville & B. S. Ry. Co., not being privy,
it is therefore not liable for the tort.

This contention being supported in part by the case of Hukill
v. Maysville & B. S. Ry. Co., a decision of the United States
Circuit Court of Appeals, by Judge Taft, not construing a stat-
ute involved in the case at bar, the lower court preferred to fol-
low it, and refused to follow the case of McCabe's Admx v.
Maysville & B. S. Ry. Co., 66 S. W., 1054; Illinois Central R.
Co. v. Winston's Admr., 23 R., 1233, and the case of Cin., N.
O. & T. P. Ry. Co. v. Cook's Admr, 23 R., 2411, and therefore
ordered the case to be sent to the Federal court.   The Mason
Circuit Court being an integral part of the judicial machinery of
this State, and bound by the decisions of its highest tribunal,
we submit in all fairness that such subservience to the deci-

sions of the Federal court is violative of the constitutional rights of the citizens of this State, and in the derogation of the State's sovereignty.

.Wherefore a reversal is respectfully asked.

### AUTHORITIES CITED.

Ky. Stats., sec. 841; L. & N. R. Co. v. Louisville Trust Co., 174 U. S., 566; Orient Ins. Co. v. Daggs, 172 U. S., 557; Hooper v. California, 155 U. S., 648; N. N. & M. V. Co. v. McDonald Brick Co.'s Assignee, 59 S. W., 334; Com. v. M. & O. R. Co., 23 R., 788; Stout v. R. R. Co., 8 Fed. Rep., 794; Louisville Trust Co. v. Louisville, &c., Ry. Co., 75 Fed. Rep., 437; Am. & Eng. Ency. of Law, vol. 13 (2d. ed.), p. 84; Tullis v. Lake Erie R. Co., 175 U. S., 348; Mo. K. & T. R. Co. v. McCann, 174 U. S., 580.

E. L. WORTHINGTON and W. H. WADSWORTH, for appellees.

### POINTS AND AUTHORITIES.

1. A railroad company which has leased its road to another company is not liable to the servants of its lessee for the lessee's negligence. McCabe v. Maysville R. Co., 23 Ky. Law Rep., 2328; Freeman's note to Lee v. Southern Pac. R. Co., 58 Am. St. Rep., 152; Hukill v. Maysville R. Co., 72 Fed. Rep., 745; East Line Ry. Co. v. Culberson, 13 Am. St. Rep., 805; s. c., 72 Texas, 375; Baltimore & Ohio Ry. Co. v. Paul, 143 Ind., 23; Virginia Ry. Co. v. Washington, 86 Va., 629; Lee v. Southern Pac. R., Co., 58 Am. St. Rep., 140.

2. A compliance by a foreign corporation with the requirements of section 841, Kentucky Statutes, does not make it a citizen of Kentucky in the meaning of the Federal Constitution conferring jurisdiction on the Federal courts in controversies between citizens of different States. A corporation is not a citizen at all within the meaning of the Federal Constitution. St. Louis Ry. Co. v. James, 161 U. S., 545; Louisville R. Co. v. Louisville Trust Co., 174 U. S., 552; Taylor v. Illinois Central R. Co., 89 Fed. Rep., 119; Walters v. Chicago R. Co., 104 Fed. Rep., 377; Westheider v. Wabash R. Co., 115 Fed. Rep., 840; Hollingsworth v. Southern Ry. Co., 86 Fed. Rep., 353.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant filed this suit against the Maysville & Big Sandy Railroad Company, a Kentucky corporation, and the Chesapeake & Ohio Railway Company, a Virginia cor-

poration, to recover for the death of her intestate. The Chesapeake & Ohio Railway Company filed its petition to remove the case to the Circuit Court of the United States for the Eastern District of Kentucky. The court ordered the removal, and the plaintiff appeals.

The Chesapeake & Ohio Railway Company is the lessee of the Maysville & Big Sandy Railroad Company. The intestate was a laborer in the service of the Chesapeake & Ohio Railway Company on a coal dock in a coal yard near the city of Maysville, and while walking on a narrow elevated platform, adjoining the coal dock, he fell therefrom, by reason, as alleged, of its not being sufficiently secured. The order of the circuit court removing the case rests on the idea that no cause of action was stated against the Maysville & Big Sandy Railroad Company, and the fact that it was made a defendant to the petition did not affect the right of the real defendant to a removal of the case. The lease made by the Maysville & Big Sandy Railroad Company to the Chesapeake & Ohio Railway Company, and the authority under which it was made, are set out in the case of McCabe's Adm'x v. Maysville & Big Sandy Railroad Co., 112 Ky., 861, 23 R., 2328, 66 S. W., 1054. It was there held that the lessor company continued liable to the public for the discharge of the obligation imposed on it by law; but whether it would be liable to the servants of the lessee for injuries received by reason of its negligence was a question not decided. The cases holding that the lessor is not liable for injuries to the servants of the lessee from its negligence are referred to in the opinion, and distinguished from the case before the court. The case now presented, requires a determination of this question, as Swice was in the employment of the lessee, and was injured, as alleged, by reason of its negligence.

In Lee v. Southern Pacific Railroad Co., 116 Cal., 97,
47 Pac., 932, 38 L. R. A., 71, 58 Am. St. Rep., 140, the court,
in passing on the question, said: "In all cases where a
valid lease is found (or, as in this discussion, where it is
assumed), the lessor company owes no duty whatsoever as
an employer to the operatives of the lessee company. The
claim of the relationship of employer and employe under
such circumstances is a false claim and quantity. It does
not exist. The responsibility of the lessor company, when
it attaches, does not spring from this relationship,
but arises from a failure of the lessor company
to perform its duty to the public, of which public the em-
ploye of the operating company may be regarded as one.
Thus, in those cases where the injury has resulted to an
employe of the operating company by reason of the negli-
gence of a fellow servant, or want of skill and care in the
lessor company in managing the road, or in negligence in
furnishing suitable appliances, these and kindred matters
being entirely and exclusively within the control of the
lessee company, for injury which may result the lessor
is in no way responsible." In a note to this case in 58 Am.
St. Rep., 155, after a review of many cases, it is said: "As
to employes of a lessee corporation, the weight of authority,
whether the lease is authorized or not, is to the effect that
they can not recover for injuries received through the neg-
ligence of such lessee or its servants or agents. Virginia,
etc., Ry. Co. v. Washington, 86 Va., 629 [10 S. E., 927, 7 L.
R. A., 344]; Hukill v. Maysville, etc., R. R. Co. (C. C.), 72
Fed., 745. The duties which are owed by a railroad com-
pany to its servant are not duties owed to him in common
with the public, but grow out of the contract of service.
He assumes the relation of servant to his employer volun-
tarily, and out of it arises the reciprocal obligations from

one to the other. It seems to us that the relation of the servant of the company operating the road to the owner is very different from his relation to his employer, and that the relation of the owner of the road to him is different from its relation to the general public. His contract is not with the company owning the road; and it may be asked, does the latter owe him the duty of a master to his servant, or guaranty that the master with whom he has voluntarily contracted will perform its obligation to him? It may be that if the injury had occurred by reason of a defect in the roadbed or track, and not by reason of a defect in the engine, the company charged with the duty of keeping up the road would be liable. But if it were true that the injury was caused entirely by another company operating the owner's roadbed, and was inflicted upon one of its own employes by reason of a defect in machinery entirely under its control, it is difficult to see upon what principle of policy or justice the lessor would be held liable merely because it owned the road. East Line, etc., Ry. Co., v. Culberson, 72 Tex., 375 [10 S. W., 706, 3 L. R. A., 567], 13 Am. St. Rep., 805."

When the Legislature authorized the Maysville & Big Sandy Railroad Company to lease its road, it necessarily contemplated that the lessee should have servants to run it; for the lessee could not otherwise operate it. And to hold the lessor responsible to these servants would not be to give fair effect to the legislative action. The question is fully discussed, also, in Virginia Midland Railroad Co. v. Washington, 86 Va., 629, 10 S. E., 927, 7 L. R. A., 344, and in that opinion other authorities are collected. It seems to us that the distinction made is sound, and there seems to be little or no conflict of authority on the subject.

258　　　　KENTUCKY REPORTS.　　　　[Vol. 116

Lou. Bridge v. L. & N. R. R. Co.　P., C. C. & St. L. R. R. Co. v. Same.

The other questions discussed were disposed of in Davis' Adm'r v. Chesapeake & Ohio Ry. Co. (decided at this term), 25 R., 342, 75 S. W., 275.

The former opinion herein (see Swice's Adm'x v. Maysville & Big Sandy Railroad Co., 24 R., 1142, 70 S. W., 1117) is withdrawn, and the judgment appealed from is affirmed.