Estes *et al. v.* Memphis & C. Ry. Co.*

(Division B.   Dec. 3, 1928.   Suggestion of Error Overruled Dec. 22,
1928.)

[119 So. 199.   No. 27506.]

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 580, p. 689, n. 41; 4CJ, section 2370, p. 562, n. 83; Judgments, 34CJ, section 1403, p. 982, n. 16; Railroads, 33Cyc, p. 70, n. 22; p. 703, n. 21, 22; p. 704, n. 25; p. 705, n. 36; On liability of lessor of railroad for injuries caused by negligence of another company using the road under a lease, license or other contract, see annotation in 44 L. R. A. 738; 66 L. R. A. 142; 40 L. R. A. (N. S.) 519; L. R. A. 1918E, 255; 22 R. C. L. 1083; 3 R. C. L. Supp. 1303; 5 R. C. L. Supp. 1221.

*Ernest Ligon* and *J. A. Cunningham,* for appellants.

*Ely B. Mitchell,* for appellee.

ANDERSON, J. Appellants, the father and mother and brothers and sisters of William Henry Estes, deceased, brought this action against appellee in the circuit court of Tishomingo county to recover damages for the alleged wrongful death of their son and brother, William Henry Estes, caused by one of appellee's passenger trains striking and running over deceased, crushing and mangling his body. Appellee interposed a special plea to appellants' declaration, to which appellants demurred, which demurrer was overruled by the court, and, appellants declining to plead further, final judgment was en-

tered, dismissing their suit. From that judgment appellants prosecute this appeal.

Leaving off its formal parts, appellants' declaration follows:

"Henry Estes avers that he is a citizen of Tishomingo count, Mississippi; that Alice Estes, Dora Barrett, and Charley Estes are adult citizens of Tishomingo county, Mississippi; that Robert Estes is a minor resident citizen of Tishomingo county, Mississippi; that the Memphis & Charleston Railway Company is a domestic railroad corporation doing business in and maintaining its lines and existing in said county. Plaintiffs aver that William Henry Estes, late of said county, was the son of plaintiff, Henry Estes, who was his father, and of Alice Estes, who was his mother; that he was a brother of Mrs. Dora Barrett, Charles Estes, and Robert Estes. Plaintiffs aver that on the night of July 21, 1926, William Henry Estes, plaintiffs' decedent, was traveling east on the defendant railway company's right of way at a point about two miles west of Iuka, Tishomingo county, Miss., and where the public habitually travel with the knowledge and consent of the railway company, and for some cause the said decedent sat down upon the defendant railway company's track at said point and fell asleep, and the defendant railway company's passenger train No. 12, running east on this occasion, approached the scene where plaintiffs' decedent lay asleep upon its track, and decedent was discovered in said position of peril between its rails by the defendant railway company in charge of said train, to-wit, the engineer, S. E. Bradley, and after discovering said position of peril, the said agents and employees of the said defendant railway company willfully, recklessly, and negligently propelled the engine of said train upon and over the body of the said William Henry Estes thereby crushing, mangling, and otherwise injuring him, and brought him to his death, and also thereby greatly damaged plaintiffs and all the other parties in interest

for whose benefit this cause is brought, all as a proximate result of the willful negligence of the employees of the defendant railway company in charge of said train. Wherefore plaintiffs brings this suit, and demand judgment of the defendant, Memphis & Charleston Railway Company, in the sum of thirty thousand dollars.''

Appellee, in its special plea, to which appellants demurred, which demurrer was overruled as above stated, averred that appellants, under the law, should not maintain this action, for the following reasons: That all of the matters and things therein involved had been fully adjudicated by a judgment of the circuit court of Tishomingo county, rendered at its January term, 1927, in a cause therein pending numbered 982, wherein appellants were plaintiffs, and the Southern Railway Company and Steve Bradley were defendants; that the circuit court of Tishomingo county, in which said cause was pending, was a court, of competent jurisdiction to try and determine the cause under the Constitution and laws of this state; that the cause of action in that case was the identical cause of action which forms the basis of the present suit; that the declaration in said cause set out the same facts as a ground for recovery by appellants as are averred by the declaration in this cause; that said cause was tried resulting in a final judgment in favor of the defendants therein, the Southern Railway Company and Steve Bradley, the engineer operating the train which killed the deceased, William Henry Estes; that appellants knew, at the time of bringing said cause 982 in the circuit court of Tishomingo county, that the roadbed and tracks, on which the deceased was killed, belonged to appellee, the Memphis & Charleston Railway Company, a domestic corporation of this state. That passenger train No. 12, which ran over and killed the deceased, belonged to, and was operated by, the Southern Railway Company, the lessee of the Memphis & Charleston Railway Company; that the latter company alone owned the

roadbed and tracks in this state, upon which the deceased was killed; that the entire equipment, including trains, belonged to, and was operated by, the employees of the Southern Railway Company, the lessee of appellee, the Memphis & Charleston Railway Company; that therefore said appellee had no connection with, nor control over, the passenger train which ran over and killed the deceased, nor of Steve Bradley, the engineer operating the same.

To the special plea there was attached, as exhibits thereto, all the pleadings and the final judgment rendered in the circuit court of Tishomingo county, in said previous cause No. 982. Appellants' demurrer to the special plea, as stated, was overruled, and, appellant declining to plead further, final judgment was rendered dismissing their suit. In the declaration in the first action, appellants alleged that the Southern Railway Company was a domestic corporation of this state.

If appellants' position in this case is to prevail, it must be upon the principle that appellee, by the lease of its roadbed and tracks to the Southern Railway Company, constituted the latter its agent to operate the railroad, and it follows therefrom that, if deceased was killed by the tortious act of the Southern Railway Company, such act was the joint tort of both companies, and the liability therefor was both joint and several, and, under the decisions of this court, the judgment adverse to appellants in the former suit against one of the joint tortfeasors will not bar another suit against the other joint tortfeasor. The cases principally relied on to sustain appellants' contention are *Railroad Co. v. Clarke,* 85 Miss. 691, 38 So. 97, *Nelson v. Railroad Co.* 98 Miss. 295, 53 So. 619, and *Railroad Co. v. Sanderson,* 99 Miss. 148, 54 So. 885, 46 L. R. A. (N. S.) 352. In these cases our court held that the liability of joint tortfeasors was both joint and several. In the Nelson case the court, among other things, said:

"Judgments conclude only parties and privies, and there is no such privity between joint tortfeasors as would allow one to plead in bar to a suit against him a judgment acquitting another of responsibility for the same act. Each is liable independently of the other, and the utmost that any joint tortfeasor can ask is that there be but one satisfaction allowed for the same and indivisible cause of action, and this the law guarantees. That a judgment in favor of one joint wrongdoer, is no bar to a separate action against another was settled in this state by the case of *Railroad Co. v. Clarke*, 85 Miss. 697, 38 So. 97."

But were appellees and the Southern Railway Company (assuming that the death of the deceased was tortious) joint tortfeasors in the commission of the act which constituted the tort? We think not, for the following reasons: It is true that the general rule is that, when a railroad company receives from the state its charter, conferring certain rights and privileges, it is upon the consideration that it will perform the duties, and fulfill the obligations, which at the same time it incurs. And, in the absence of legislative permission, the company cannot voluntarily surrender its road into the hands of a lessee, and escape the performance of any duties or obligations imposed upon it by its charter, or by the laws of the state from which it receives its charter; nor can it escape, by so doing, liability for the tortious acts of its lessee, committed in the operation of the road. 22 R. C. L. p. 1083, section 316, and authorities cited in the notes. The courts of some jurisdictions have held that the lessor railroad company is liable for the torts of the lessee company, although the lease had been expressly authorized by law. On the other hand, the courts of a great many states have adopted the rule that where there is express legislative authority for making the lease, either by a special or general statute, and there is no reservation of any control in the lessor over the operation of a railroad

by the lessee, the former is exempt from liability for torts committed by the latter in the running of its trains, or the management of the road. 22 R. C. L. p. 1083, section 316; *Caruthers* v. *Railroad Co.*, 59 Kan. 629, 54 Pac. 673, 44 L. R. A. 737, and notes; *Ackerman* v. *Railroad Co.*, 143 Mich. 58, 106 N. W. 558, 114 Am. St. Rep. 640, 8 Ann. Cas. 118, and notes; *Lakin* v. *Railroad Co.*, 13 Ore. 436, 11 Pac. 68, 57 Am. Rep. 25; *Railroad Co.* v. *Washington*, 86 Va. 629, 10 S. E. 927, 7 L. R. A. 344.

We think the reasoning of these authorities embodies the sounder and better rule. Why should the lessor railroad company be liable for the torts of the lessee company, when the lease has been authorized by the state of which both are corporations, and in which each is operating a railroad or railroads? We see no sound reason for holding the lessor to such liability. Take the case here, as made by the pleadings. Appellee was the sole owner of the roadbed and tracks on which the deceased was killed, while the Southern Railway Company, the lessee, owned and operated all the equipment that ran over the tracks. If that state of affairs was authorized by the laws of the state, which is the next question in order for consideration, we see no good reason for holding the lessor liable for the torts of the lessee. As it appears to the court, it is a parallel case in principle to this: A owns an automobile; he lets it to B for hire for a consideration. In its operation, however, B negligently injuries C. Certainly, under the law, A will not be liable for the tort; B alone would be liable.

Sections 4079 to 4099, inclusive, of the Code of 1906 (sections 7934 to 7954, inclusive, Hemingway's Code 1927), grant certain powers and privileges to railroads organized under the laws of this state. Section 4090, Code of 1906 (section 7945, Hemingway's 1927 Code), provides as follows:

"To lease its railroad and all of its property and franchise, rights, powers, privileges, and immunities then

owned or thereafter to be acquired, or to lease other railroads, in or out of this state, not in either case parallel or competing lines, for a term of years."

Whether appellee and the Southern Railway Company were organized under the provisions of our Code chapter on railroads, or by special act, is not shown by the pleadings; but, whether organized under one or the other, the powers given by the sections above referred to would apply. The burden was upon appellants to plead and show, if it was a fact, that the lease between the appellee and the Southern Railway Company was without authority of law. Appellee is entitled to the presumption, *prima facie,* that the lease was legal. There is always a *prima-facie* presumption of right action, but not of wrong action.

We hold, therefore, that on the case made by the pleadings we have the Southern Railway operating the railroad of appellee by authority of law, and under the authorities referred to, the Southern Railway Company did not become the mere agent of, and operate the railroad for, the appellee, but was operating it solely on its own behalf, and it alone was liable for the tort.

*Affirmed.*

## On Suggestion of Error.

Ethridge, P. J. Since the rendition of the opinion herein, the appellant has filed a suggestion of error, and with it a copy of an agreement, or a contract, between the Memphis & Charleston Railway Company and the Southern Railway Company, and contends that this contract shows that the relation between the Memphis & Charleston Railway Company and the Southern Railway Company was not that of lessor and lessee. With this copy of agreement is an agreement between counsel, agreeing that the said copy of agreement may be taken and considered with the suggestion of error as part of the original record. The plea of *res-judicata* in the court

below made no reference to this agreement, and it was not a part of the said plea, and was not attached to it as an exhibit.

The trial judge overruled the demurrer to the plea of *res judicata,* and the appellant declined to reply to that plea, and final judgment was entered on the plea against the appellant and in favor of the railroad company. In considering this plea of *res judicata* on demurrer, the court was bround to take as true the statements of the plea and the legal effect of the exhibit to the plea, and the exhibit to the plea showed that in the courts the Southern Railway Company was sued as a corporation of Mississippi operating the train of cars in the railroad business from which the accident occurred. The original opinion dealt fully with this plea as it appeared in the record at that time, and, as we understand the suggestion of error, there is no complaint with the opinion considered in this aspect of the case, but we are asked to consider the agreement in considering the suggestion of error.

This court is a court of appeals, and has only appellate jurisdiction, and it can only consider matters before the lower court when that court tried the matter. If the agreement, or contract, was not an exhibit to the pleading setting up *res judicata,* and not being made a part by reference or otherwise to that plea after, it could only be availed of by a replication to that plea, in which the agreement should be set forth by appropriate reference or made an exhibit to such pleading. As this was not done, the court below did not have the matter before it in considering such a plea, and it necessarily did not influence the judgment of the court in deciding the effect of the pleading. It is true that between the original plea of *res judicata* and the second plea of *res judicata,* under a plea of general issue, a copy of the alleged contract was offered in evidence, but not copied in the record, and if we could consider it at all it would have to be considered

under a plea of general issue. But the court did not dispose of the plea of *res judicata* on any evidence, but on a demurrer, and the agreement is not available to aid the demurrer.

This court will only try cases on appeal on the record made in the court below and what that court had before it. It is not permissible or competent for counsel to agree to a record here that was not made a record in the court below. It follows that we cannot consider this agreement, or contract, on the issue properly before this court, and the suggestion of error will be overruled.

*Overruled.*