MITCHELL v. FINLEY.

(Division A. Nov. 2, 1931.)

[137 So. 330. No. 29521.]

C. A. Bratton, and J. B. Fontaine, both of Pontotoc, and Paine & Paine, of Aberdeen, for appellant.

530

**Leftwich & Tubb,** of Aberdeen, and **Mitchell & Clayton,** of Tupelo, for appellee.

Argued orally by **Carl Bratton**, for appellant.

**Cook, J.**, delivered the opinion of the court.

The appellant, Alvis M. Mitchell, and the appellee, James A. Finley, were candidates for chancellor of the First chancery court district of Mississippi at a special election held on the 5th of November, 1929. According to the final returns certified to the secretary of state by the election commissioners, the appellant was declared elected, and the Governor issued a commission to him; and he thereupon qualified as chancellor by taking the

oath of office, and immediately entered upon the performance of the duties of the office of chancellor of the said district.

On the 21st day of November, 1929, the appellee filed a quo warranto proceeding in the circuit court of Tishomingo county, setting up the returns of the special election to the secretary of state, the issuance of the commission to the appellant, and that acting thereunder the appellant had qualified and was acting as chancellor. The petition further charged that there was fraud in the holding of the election at two named voting precincts of Amory in Monroe county; that at the North Amory precinct the appellant received 339 votes, of which at least 225 were illegal; that without these illegal votes the appellee received a plurality of the votes cast in this special election, and therefore he should have been declared elected and should have been commissioned as chancellor of said district; and prayed that the court inquire into the mode and manner of holding said election, and ascertain and determine the number of legal votes actually cast for the respective parties, and determine their respective rights to the said office, and that the appellant be ousted from said office, and relator, the appellee, be inducted into the office.

Upon the orders of the circuit judge, the box of the North Monroe precinct was sealed and impounded, and on December 7, 1929, in the presence of the respective parties to the proceeding and their attorneys, the said box was brought into court and opened and inspected, and copies of the names on the poll books and tally sheets were made and the ballots were counted. Thereafter the appellee gave notice that he would take the depositions of a large number of witnesses at Amory, Miss., and a commission was issued to Conwell Sykes to take these depositions. In pursuance of this notice and commission, the appellant and the appellee, and their attorneys, appeared before the said commissioner on

December 30, 1929, and proceeded to take the testimony of several witnesses. Evidence of fraud in conducting the election at the North Monroe precinct was produced during the first day, and, before the taking of testimony was resumed the following morning, the appellant tendered to the Governor his resignation as chancellor of the district, and the same was promptly accepted. Thereupon the appellant instructed his attorneys to appear before the commissioner and inform him and the appellee that his resignation had been tendered and accepted, and that he (the appellant) would make no further claim to said office.

On the morning of the 31st of December, 1929, the appellant's attorneys appeared before the commissioner and announced that the appellant had resigned as chancellor, and had withdrawn from the proceeding in court; and thereupon the following colloquy between the attorneys for the respective parties took place:

"By Mr. Paine: The defendant, Alvis M. Mitchell, through his attorneys hereby states to the court who is taking these depositions, that he has, prior to the opening of the taking of the depositions this morning, tendered his resignation to the Governor of the State of Mississippi and same will be accepted, and he is no longer Chancellor of the First Judicial District of the State of Mississippi and hereby withdraws from the further taking of depositions of the case and believes the court is without further authority to proceed in the case, since no one is in the office of the Chancellor.

"The attorneys for Mr. Mitchell have withdrawn from the case and the further taking of depositions therein.

"By Mr. Tubb: Major Finley desires here to have an announcement from the attorneys for Mr. Mitchell as to whether or not he expects to make any further defense in this suit now pending in the Circuit Court of Tishomingo County. If he does not, then of course it is not necessary for us to proceed further in the taking of this testimony.

"By Mr. Paine: Counsel for Mr. Mitchell here states that while they have withdrawn from the case and have no further authority to speak for Mr. Mitchell, but states here simply as an outsider not connected with the case, that it is not the intention of Mr. Mitchell to proceed further with the case so far as it is in the knowledge of the attorneys who have represented him. He has resigned as Chancellor and is no longer Chancellor of the First Judicial District of the State of Mississippi.

"By Mr. Tubb: Has plea been filed in the case?

"By Mr. Paine: Yes.

"By Mr. Tubb: Will the plaintiff be awarded judgment?

"By Mr. Paine: As to that I have nothing to say about the further procedure, but will state it is the intention of Mr. Mitchell to file a special plea setting up the fact that he has resigned as Chancellor of the First Judicial District.

"By Mr. Tubb: Counsel for Major Finley here state that in view of the statements made by counsel for defendant, Mr. Mitchell, we do not feel it necessary now to go further at present time in taking these depositions. The matter will be submitted to the Circuit Court of Tishomingo County and if it shall become necessary later on to take this testimony, we will then come here and take it. In the meantime all witnesses who have been summoned will be excused until further notice to appear here at the City Hall on a day to be fixed and if notified to appear, will be expected to appear without further summons.

"We take this action because we want to relieve the people of Amory of the burden of having to come into court and give their testimony unless it shall be absolutely necessary to take the testimony. We hope it will not be necessary to do it.

"By the Commissioner: The taking of these depo-

sitions is hereby adjourned until a further day to be set by the Commissioner herein.''

On January 2, 1930, at the instance of the appellee, the taking of testimony was resumed and continued through January 3, 1930, during which time costs amounting to $595 were incurred. On January 4, 1930, the appellant filed a plea in the proceeding, setting forth that he had resigned .as chancellor, and that his resignation had been accepted by the Governor before the completion of the taking of proof by the plaintiff in said case, the appellee here, and before the trial of the cause on its merits, and that the appellant was no longer chancellor of said district. On the 9th day of January, 1930, the cause was tried on its merits, and, upon a verdict in favor of the plaintiff, a judgment was entered adjudging that the appellee received a majority of the legal votes cast at the said special election, and was entitled to said office, and further ordering and adjudging that the appellant be barred from exercising any of the functions of the office of chancellor, and that the appellee be authorized and empowered to exercise all the functions of the office upon his taking the oath of office prescribed by law, and further ordering that the appellant be taxed with all costs which accrued in the said cause prior to January 4, 1930, the date of the filing of the special plea disclaiming any further claim to the office of chancellor of the district, and taxing the appellee with all costs which accrued on and after January 4, 1930. Thereafter a motion to retax the costs was made and heard by the court upon proof offered in support thereof, and was overruled; and, from the order overruling this motion, a direct and cross-appeal was prosecuted.

It will be noted that the court below taxed the appellant with all costs that accrued before the filing of his plea setting forth the fact of his resignation and that he would assert no further claim to the office, while the appellant contends that he was liable only for the costs

that accrued prior to the time he notified the appellee and the commissioner who was engaged in taking the depositions of his resignation from the office involved in the proceeding.

The proceeding of quo warranto on the relation of a claimant to a public office to try the right to such office is of a twofold nature: First, to remove therefrom the person alleged to be unlawfully holding or exercising the functions of the office; and, second, to determine and establish the right of the relator or claimant to the office, and to induct him into the office upon his qualifying according to law. The right of the relator herein to take the depositions of witnesses at Amory, Miss., is not controverted; and we do not think the right to continue the taking of depositions to establish the fact that he had received a plurality of the legal votes cast at the special election, which would entitle him to the office, and that the appellant had been exercising the functions of said office without authority, was ended by the mere announcement of the appellant to the commissioner before whom the depositions were being taken that he had tendered his resignation to the Governor and would assert no further right to the office. The resignation of the appellant was not of itself an admission that he had been wrongfully exercising the functions of the office, or that the appellee was entitled to the office; and, until the filing of a plea that would entitle the appellee to a judgment in his favor, he had the right to continue the taking of depositions in preparation for the trial of the cause on its merits; and, upon the entry of the final judgment in favor of the relator, the court committed no error in taxing the defendant, the appellant here, with all costs that accrued prior to the filing of his plea.

The appellant next complains of several items included in the cost bill as taxed by the clerk of the court below; but the motion to retax the costs as filed in the court below does not specifically challenge any of the items

of the cost bill; and it does not appear from the record that the questions presented by this assignment of error were presented to the court below, and consequently they cannot be raised here.

The appellee, Finley, has filed a cross-assignment of error complaining of the taxation against him of the costs which accrued after the filing of the defendant's special plea, but he has offered no brief or argument in support thereof, and, consequently, the cross-assignment of error will be treated as abandoned. The judgment of the court below will therefore be affirmed.

Affirmed.