## ADAMS *et al. v.* BOARD OF SUP'RS OF UNION COUNTY.

(Division B.  Nov. 23, 1936.)

[170 So. 684.  No. 32383.]

404

**Smallwood & Darden,** of New Albany, for appellants.

**Lamar F. Easterling**, of Jackson, amicus curiae.

**Rush H. Knox,** of Jackson, for appellants.

**L. K. Carlton,** of New Albany, for appellee.

Argued orally by **Leslie Darden,** for appellant, and by **L. K. Carlton,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellants prosecute this appeal from an order of the circuit court of Union county sustaining a motion to quash a writ of certiorari issued by that court, at their instance, to the board of supervisors of the county for a review of the proceedings of the board in calling an election under section 2 of chapter 171, Laws of 1934.

Appellants were lawfully engaged in Union county in the sale of beer and light wines; their license to carry on the business had not expired, and they had expended money to provide the necessary equipment to carry on the business. Section 2 of the act in question provides, in substance, that on petition of twenty per cent. of the qualified electors of the county the board of supervisors shall order an election to determine whether the sale of such beverages shall be discontinued, and if, at such election, the majority of the qualified electors participating shall vote in the affirmative, the sale of such beverages shall thereafter become illegal. No notice, either actual or constructive, was given appellants of the pendency of the petition for the election. The statute provides for none.

The constitutionality of the statute is attacked upon two grounds: (1) That it violates the due process clauses of the Federal and State Constitutions; and (2) that it violates section 33 of the State Constitution, which pro-

vides that the legislative power of the state shall be vested in the Legislature, consisting of a Senate and a House of Representatives.

In their petition for certiorari appellants did not charge that the election had been held contrary to the statute. They relied solely on the contention that they were denied due process because the statute provided for neither actual nor constructive notice. On the trial of the motion to quash the writ of certiorari, appellants' counsel, in effect, admitted that the statute had been complied with. The only point presented and argued in the circuit court was that the proceedings were void because the statute denied due process in that it failed to provide for notice, actual or constructive, of the consideration and decision of the question of whether or not an election should be ordered. In Mohundro v. Tippah County, 174 Miss. 512, 165 So. 124, the court considered this statute. It was there held that the board of supervisors in determining this question acted judicially, and from the order there was an appeal to the circuit court by certiorari.

Appellants' contention is that their license and equipment could not be destroyed without notice, that to do so would be a denial of due process. The trouble with that position is that they failed to allege or prove that if the statute had provided for, and they had been given, notice, the result would have been different. In other words, they failed to show that they were injured. The rule is that a person suing must have ground of complaint; he must have a cause of action; he must be harmed by the thing he complains of, and this principle applies to constitutional questions as well as others. New Orleans, M. & C. R. Co. v. State, 110 Miss. 290, 70 So. 355; Dunn v. Love, 172 Miss. 342, 155 So. 331, 92 A. L. R. 1323. In the former case the court used this expression: "One must be hurt before he complains."

Whether the statute violates section 33 of the Constitution was raised for the first time in this court by counsel amicus curiae. It was neither presented to, considered, nor passed on, by the trial court. It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal. George v. L. & N. R. R. Co., 88 Miss. 306, 40 So. 486; Adams v. City of Clarksdale, 95 Miss. 88, 48 So. 242; Estes v. Memphis & C. Ry. Co., 152 Miss. 814, 119 So. 199; Whittington v. H. T. Cottam Co., 158 Miss. 847, 130 So. 745, 746, 76 A. L. R. 332; Mitchell v. Finley, 161 Miss. 527, 137 So. 330. And that is the general rule, with few exceptions, as to constitutional questions. This case does not come within any of the exceptions. 3 C. J., pp. 710, 711, sec. 608; Southern Ry. Co. v. Jackson (Miss.), 49 So. 738.

Affirmed.