State of Mississippi, Ex Rel. Carr *v.*
The Cabana .Terrace, Inc.

No. 42636          May 20, 1963          153 So. 2d 257

*Howard C. Ross, Jr.,* Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada, Julian P. Alexander,* Jackson, for appellee.

*Martin R. McLendon,* Asst. Atty. Gen., Jackson, amicus curiae.

Lee, P. J.

C. W. Carr, Jr., and six others, citizens and taxpayers of Hinds County, under the authority of Sections 2639 and 2646, Code of 1942, Rec., filed their bill of complaint in the Chancery Court of the First Judicial District of the County against The Cabana Terrace, Inc., a Mississippi corporation, in which they alleged substantially the following:

The defendant, also known as The Patio Club, on and prior to June 18, 1962, rented from the King Edward Hotel, 233-5 West Capitol Street, Jackson, Hinds County, Mississippi, and then had in its possession and under its control a suite of rooms on the Fourth Floor of said hotel; that, in said described place, were kept and possessed intoxicating liquors of all kinds and descriptions, in violation of Sec. 2646, supra, and that said place was subject to abatement as a common nuisance as provided by said section; that, on said date, the defendant was unlawfully possessing, selling, giving away, and knowingly permitting persons to keep and possess at such place intoxicating liquors, as above-stated, and was subject to pay the State of Mississippi, the County of Hinds, and the City of Jackson, each $500 for each violation. The prayer of the bill sought the abatement of the place as a nuisance, an injunction against the defendant to restrain it from further violation of the stated sections, and a judgment against it for the penalty of $500 each for the State, the County, and the City as alleged.

The defendant filed both general and special demurrers. In addition, its counsel made and filed under Section 2049-03, Code of 1942, Rec., motions to require affidavits pursuant thereto from all parties complainant and their attorneys. The verbiage was the same in all of them, the only exception being that the name of the

complainant was different in each. Copies were served on the attorney of record for the complainants for each of them, and on him personally. Thereafter, Charles A. Dennery, on his own motion, was permitted to withdraw as a party.

On October 23, 1962, the court entered an order which required each of the complainants and their counsel to file affidavits, as required by the above-named statute, on or before 12 noon on October 30, 1962, or the bill of complaint filed would stand dismissed. Thereafter, on October 30, 1962, none of the complainants nor their attorney of record having complied with the order of the court, and no affidavits having been filed as required by the order, the cause, on motion of the defendant was ordered to be dismissed at the cost of complainants. From that decree, only C. W. Carter, Jr. and J. P. Crechale appealed.

The appellants, in their brief, say that the sole question on this appeal is whether or not the lower court was correct in the entry of its final decree dismissing the cause for the failure to file the affidavits pursuant to Secs. 2049-03 and 2049-04, Code of 1942, and the order of October 23, 1962. The contention is that the statute is violative of the Fourteenth Amendment and certain sections of the State Constitution, and that it is inapplicable to this proceeding.

The three sections or parts thereof, which it is necessary to consider are Sections 2049-01, 2049-03, and 2049-07. Section 2049-01 is as follows:

"It shall be unlawful for any person, firm, partnership, corporation, group, organization, or association, either incorporated or unincorporated, either before or after proceedings commenced:

"(1) To promise, give, or offer, or to conspire to agree to promise, give or offer,

"(2)  to receive or accept, or to agree or conspire to receive or accept,

"(3)  to solicit, request, or donate, any money, bank note, bank check, chose in action, personal services, or any other personal or real property, or any other thing of value, or any other assistance as an inducement to any person to commence or to prosecute further, or for the purpose of assisting such person to commence or prosecute further, any proceeding in any court or before any administrative board or other agency of the State of Mississippi, or in any United States court located within the said state; provided, however, this section shall not be construed to prohibit the constitutional right of regular employment of any attorney at law or solicitor in chancery, for either a fixed fee or upon a contingent basis, to represent such person, firm, partnership, corporation, group, organization, or association before any court or administrative agency."

Section 2049-03 is in part as follows:

*"Every person who commences or prosecutes* or assists in the commencement or prosecution of *any proceeding in any court* or before any administrative agency in the State of Mississippi, or who may take an appeal from any such rule, order, or judgment thereof, *shall, on motion made by any of the parties of such proceedings,* or by the court or agency in which such proceedings is pending, *file with such court or agency, as a condition precedent to the further prosecution of such proceeding, the following affidavit*:

"I, (_____), petitioner (or complainant, plaintiff, appellant or whatever party he may be) in this matter, do hereby swear (or affirm) that I have neither received, nor conspired to receive, any valuable consideration or assistance whatever as an inducement to the

commencement or further prosecution of the proceedings in this matter.

"_____
     ''(Signature of Affiant)

"_____
          ''Affiant

"Sworn to and subscribed before me on this, the (_____) day of (_____), 19 (_____).

"_____
     ''(Signature of Official)

"_____
          (Title of Official)

     * * * * * * * * * *'' (Emphasis supplied.)

Section 2049-07 is as follows:

"Provided, however, that the provisions of this act shall not be applicable to attorneys who are parties to contingent fee contracts with their clients where the attorney does not pay or protect the client from payment of the costs and expenses of litigation, nor shall this act apply to suits pertaining to or affecting possession of or title to real or personal property, nor shall this act apply to suits involving the legality of assessment or collection of taxes, nor shall this act apply to suits involving rates or charges by common carriers or public utilities, nor shall this act apply to criminal prosecutions, nor to the payment of attorneys by legal aid societies approved by the Mississippi State Bar.

"Nothing in this act is intended to be in derogation of the constitutional right of real parties in interest to employ counsel or to prosecute any available legal remedy; *the intent, as herein set out, is to prohibit and punish, more clearly and definitely, champerty, maintenance,*

*barratry, and the solicitation or stirring up of litigation, whether the same be committed by licensed attorneys or by others who are not real parties in interest to the subject matter of such litigation.''* (Emphasis supplied.)

Section 2646 of the Code authorizes a bill of this kind to be brought by citizens of the county. See also Caravella v. State, ex rel. Holcomb, 185 Miss. 1, 186 So. 653; State, ex rel., District Attorney v. Eady, et al., Nos. 42, 684, 42,700, 42,706, decided April 22, 1963, and not yet officially reported.

██ ■ However, beyond question the State had broad powers to regulate litigation in its courts and to prevent persons from unlawfully inciting litigation. ██ ■ At common law, the offense was barratry where there was an habitual stirring up of quarrels in suits. ''Barrator'' and ''barratry'' have been the subjects of statutory definitions from time to time. 10 Am. Jur., Champerty and Maintenance, Sec. 3, p. 551. Champerty is a species of maintenance and that term and ''maintenance'' have been used by the courts almost interchangeably. Id., Sec. 2. In the foregoing work, 10 Am. Jur., Champerty and Maintenance, Sec. 1, p. 549, it is said: ''Perhaps the best, because it is the most flexible, definition of maintenance is that it is an officious intermeddling in a suit which in no way belongs to one, by maintaining or assisting either party, with money or otherwise, to prosecute or defend it. The view has been expressed that it is necessary, in order to constitute the offense, that there should be actual assistance in the suit, and that a mere offer of assistance will not suffice; but more weighty authorities have in the past held the contrary — some involving in the definition the idea of agreeing to assist in the prosecution of a lawsuit, while others speak of maintenance as assistance 'proposed,' and still others, 'endeavoring' to assist.''

██ ■ In McCloskey v. Tobin, 252 U.S. 107, 64 L. Ed. 481, 40 S. Ct. 306, Texas had enacted a statute making

it unlawful for any person to seek to obtain employment in any claim to prosecute, defend, etc. by means of personal solicitation of such employment. It applied to laymen as well as attorneys. McCloskey was charged with soliciting employment to collect a claim for personal injuries and another for painting a buggy. Upon conviction and appeal, he contended that his arrest and conviction violated rights guaranteed by the Fourteenth Amendment. The Court in its opinion said: "The contention is, that since the state had made causes of action in tort as well as in contract assignable (Galveston, H. & S. A. R. Co. v. Ginther, 96 Tex. 295, 72 S. W. 166), they had become an article of commerce; that the business of obtaining adjustment of claims is not inherently evil; and that, therefore, while regulation was permissible, prohibition of the business violates rights of liberty and property, and denies equal protection of the laws. The contention may be answered briefly. To prohibit solicitation is to regulate the business, not to prohibit it. Compare Brazee v. Michigan, 241 U. S. 340, 60 L. ed. 1034, 36 Sup. Ct. Rep. 561, Ann. Cas. 1917C, 522. The evil against which the regulation is directed is one from which the English law has long sought to protect the community through proceedings for barratry and champerty. Co. Litt. p. 368 (Day's ed. 1812, vol. 2, Sec. 701 (368, b.)); 1 Hawk. P. C. 6th ed. 524; Peck v. Heurich, 167 U. S. 624, 630, 42 L. ed. 302, 305, 17 Sup. Ct. Rep. 927. Regulation which aims to bring the conduct of the business into harmony with ethical practice of the legal profession, to which it is necessarily related, is obviously reasonable. Ford v. Munroe, (Tex. Civ. App.), 144 S. W. 349. The statute is not open to the objections urged against it."

To the defendant's motions, the complainants said nothing. They did not execute the affidavits. They declined to deny that, before or after the commencement of the proceedings, they promised, gave, or offered or

conspired or agreed to promise, give or offer; or solicited, requested or donated money, or other valuable things for the commencement and prosecution of the suit, not including attorneys' fees. By no pleading of any kind did they attempt to show to the court that they were exempt, under Sec. 2049-07, supra, from the execution of the affidavits in question. ▇ ▇ They were in an equity court where one of the maxims is "He, who comes into equity, must come with clean hands."

It is true that the State has placed citizens in the same category with the attorney general, the district attorney and the county attorney, insofar as the right to bring a suit of this kind is concerned; but obviously the State has not surrendered its right to ascertain and become informed as to the reasons, motives, and purposes of those, who claim such rights, and especially litigation that may be spawned in champerty, maintenance, barratry, and the solicitation or stirring up of litigation, so clearly inveighed against by Sec. 2049-07, supra.

The constitutionality of this statute is not properly before the Court.

▇ ▇ It is well-settled that the constitutionality of a statute will not be considered unless the point is specially pleaded. Pacific States Box and Basket Company v. White, 296 U. S. 176, 80 L. Ed. 138, 56 S. Ct. 159.

In 11 Am. Jur., Constitutional Law, Sec. 125, p. 772, it is said: "A person whose rights are invaded by an act of the legislature or of an administrative board must raise the objection at the earliest available opportunity and exhaust the remedies which may have been provided for the correction of unreasonable and improper orders, before he will be permitted to make an attack in the courts on the constitutionality of the statute. The failure to raise an opportune objection to an order of the court amounting to an invasion of a constitutional right may amount to a waiver of this right. * * *

"Another principle recognized in many jurisdictions is that the constitutionality of a statute cannot be raised for the first time in an appellate court of a state or upon a rehearing in a civil case. * * *"

■■ ■ No constitutional issue was raised in the trial court. In Comfort v. Landrum, 52 So. 2d 658 (Miss.), this Court said: "Moreover, these constitutional issues were not raised in the trial court, so appellant is in no position to raise them for the first time on appeal. Adams v. Board of Supervisors of Union County, 1936, 177 Miss. 403, 414, 170 So. 684."

In Adams v. Board of Supervisors, 177 Miss. 403, 170 So. 684, this Court, in dealing with such a question, said: "Whether the statute violates section 33 of the Constitution was raised for the first time in this court by counsel amicus curiae. It was neither presented to, considered, nor passed on, by the trial court. It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal. George v. L. & N. R. R. Co., 88 Miss. 306, 40 So. 486; Adams v. City of Clarksdale, 95 Miss. 88, 48 So. 242; Estes v. Memphis & C. Ry. Co., 152 Miss. 814, 119 So. 199; Whittington v. H. T. Cottam Co., 158 Miss. 847, 130 So. 745, 746, 76 A. L. R. 332; Mitchell v. Finley, 161 Miss. 527, 137 So. 330. And that is the general rule, with few exceptions, as to constitutional questions. This case does not come within any of the exceptions. 3 C. J., pp. 710, 711, sec. 608; Southern Ry. Co. v. Jackson (Miss.), 49 So. 738."

As pointed out in Sec. 2049-03, supra, as emphasized, the person commencing or prosecuting the proceeding, when the motion is made by any party of such proceedings, must file the affidavit as a condition precedent to the further prosecution thereof. There is nothing whatever in the record to show that the appellants should be excused from making and filing the affidavit, or

that compliance with the statute harmed, injured, or damaged them.

It therefore follows that the action of the trial court, must be, and it is, affirmed.

Affirmed.

*Arrington, Ethridge, McElroy and Rodgers, JJ.,* concur.