206 So.2d 325 (1968)
David A. STEWART, Jr. and Joseph Brown
v.
CITY OF PASCAGOULA, Mississippi et al.
No. 44698.
Supreme Court of Mississippi.
January 29, 1968.
Suggestion of Error Overruled February 26, 1968.
*326 Ford, Moore, Jones, Colmer & Schroeder, Pascagoula, for appellants.
Edmund A. Wilson, Megehee & Brown, Wiesenburg, McLeod, Oswald & Lockard, Pascagoula, for appellees.
ROBERTSON, Justice:
Appellants, David A. Stewart, Jr., and Joseph Brown, appealed to the Circuit Court of Jackson County, Mississippi, from the order of the City Council of the City of Pascagoula, Mississippi, adopting Ordinance No. 11-1966. The circuit court dismissed the appeal because the bill of exceptions was not deemed sufficient to confer jurisdiction on that court to hear the appeal. Appellants thereupon perfected their appeal to this Court.
The method of appeal from a judgment or decision of the municipal authorities of a city, town, or village is set forth in Section 1195, Mississippi Code 1942 Annotated (Supp. 1966). Section 1195 is in part as follows:
"Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities; and the clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, * * *" (Emphasis added).
The authority and jurisdiction of the circuit court are thus limited and circumscribed by statute. As an appellate court, it considers the case as presented by the bill of exceptions. It can not go outside the record as made in the bill of exceptions.
The appellants have listed seven errors in their assignment of errors. We do not reach any of these because we have determined from a careful examination of the bill of exceptions that it does not meet the requirements of Section 1195, supra, and is, therefore, not sufficient to confer jurisdiction on the circuit court. The circuit court was correct in dismissing the appeal.
The City Council of the City of Pascagoula, on October 6, 1966, adopted Ordinance No. 11-1966, which set forth in detail the contract the City of Pascagoula *327 was authorized to enter into with Jackson County, wherein the City would assume the $5,000,000 Combined Water and Sewer Revenue Bonds of Jackson County, dated November 1, 1963, and take over control and operation of the combined water and sewer system. The proceeds from this bond issue had been used to construct the combined water and sewer system in the Bayou Casotte and Escatawpa Suburban Utility District areas of Jackson County. Even though this ultimate action of the City of Pascagoula had a long history dating from June 19, 1962, a recitation of which history, supported by prior contracts, validation proceedings, and other explanatory documents, was absolutely necessary for a proper presentation and consideration of the appeal, these prior contracts, validation proceedings and explanatory documents were not included in the bill of exceptions.
It is true that the bill of exceptions referred to a contract between the Board of Supervisors of Jackson County and the City of Pascagoula, dated June 19, 1962, and attempted to make this contract a part of the bill of exceptions by reference, but this can not be done.
It has long been settled law in this State that the courts do not and can not take judicial knowledge of municipal contracts and ordinances. See the latest case thus holding, McDaniel v. City of Grenada, 252 Miss. 16, 172 So.2d 223 (1965).
The bill of exceptions refers to the validation proceedings of the $5,000,000 revenue bonds of Jackson County as Cause No. 17,383 on the docket of the Chancery Court of Jackson County, Mississippi, and again attempts to incorporate by reference these proceedings in the bill of exceptions. The bill of exceptions also refers to the validation proceedings of the $1,480,000 combined Water, Sewer and Gas Revenue Refunding and Extension Bonds of the City of Pascagoula, dated March 1, 1964, as Cause No. 17,698 on the docket of the said Chancery Court of Jackson County, and attempts to incorporate by reference, these proceedings in the bill of exceptions.
Neither the circuit court nor this Court can take judicial knowledge of the two validation proceedings in the Chancery Court of Jackson County, nor can same be incorporated in the bill of exceptions by reference. Martin v. McGraw, 249 Miss. 334, 160 So.2d 89, 161 So.2d 784, 163 So.2d 231 (1964), Interstate Co. v. Jolly, 156 Miss. 199, 125 So. 406, 838 (1930).
Ordinance No. 11-1966, and the contract of October 1, 1966, both of which are under attack by the appellants, refer to a contract between the City of Pascagoula and Jackson County, dated April 7, 1964. This contract is not made a part of the bill of exceptions, neither did the appellants attempt to include it therein by reference.
When the Mayor of the City of Pascagoula received the bill of exceptions, he specifically pointed out in his certificate these four important omissions from the bill of exceptions. His certificate closed with these words:
"I further certify that the Bill of Exceptions, although signed by me, does not fully set out all of the contracts and agreements referred to in Ordinance No. 11-1966 adopted by the City Council on the 6th day of October, 1966, as disclosed on the face of such contract." (Emphasis added).
The certificate of the Mayor of the City of Pascagoula followed the rule announced by this Court in the case of Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959), wherein we stated that if the mayor deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect, so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected. In the present case, even though the certificate of the Mayor pointed out in great detail the specific omissions from the bill of exceptions, it was not amended in *328 any way, and the appeal to the circuit court was on the bill of exceptions as originally drawn.
The circuit court can only consider the case as made by the bill of exceptions. This is the only record before the circuit court, as an appellate court. If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the court does not have a record upon which it can intelligently act.
This Court has held that a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court. McDonald v. Spence, 179 Miss. 342, 174 So. 54 (1937), Richmond v. Enochs, 109 Miss. 14, 67 So. 649 (1915).
In their bill of exceptions, the appellants raised no question about the constitutionality of Senate Bill 2251 of the General Laws of Mississippi of 1966, which was the enabling legislation for the adoption of Ordinance 11-1966 by the City of Pascagoula.
In this Court, in their Assignment of Errors, the appellants attempt for the first time to attack the constitutionality of Senate Bill 2251. We have said many times that questions not raised in the lower court, and thereby not ruled on by it, will not be reviewed in this Court. Nationwide Mutual Insurance Co. v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964); Adams v. Board of Supervisors of Union County, 177 Miss. 403, 170 So. 684 (1936).
This is particularly true where constitutional questions are involved. See State ex rel. Carr v. Cabana Terrace, Inc., 247 Miss. 26, 153 So.2d 257 (1963); Comfort v. Landrum, 52 So.2d 658 (Miss. 1951); Adams v. Board of Supervisors of Union County, 177 Miss. 403, 414, 170 So. 684 (1936).
In view of the fact that the bill of exceptions was fatally defective, and the circuit court, as an appellate court, must hear and determine the matter solely "on the case as presented by the bill of exceptions," no jurisdiction was conferred on the circuit court to consider and act on the appeal, and the circuit court was correct in dismissing the appeal without considering it on the merits. The judgment of the lower court is, therefore, affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, INZER and SMITH, JJ., concur.