409 So.2d 715 (1982)
In the Matter of the ESTATE OF Mrs. Eunie Elkins MILLER, Deceased, Mrs. Lena Bell Miller Watson, Administratrix
v.
Frank MILLER.
No. 53008.
Supreme Court of Mississippi.
February 10, 1982.
Thomas A. Coleman, Ackerman, for appellant.
Coleman, Coleman & Coleman, Lee S. Coleman, West Point, for appellee.
En Banc.
ROY NOBLE LEE, Justice, for the Court:
Mrs. Lena Bell Miller Watson, administratrix of the estate of Mrs. Eunie Elkins *716 Miller, her deceased mother, and Mrs. Lena Bell Miller Watson, individually, filed suit in the Chancery Court of Choctaw County, Honorable Edward C. Prisock, presiding, to adjudicate herself to be the sole and only heir at law of Mrs. Eunie Elkins Miller and to confirm in herself title to certain lands in which she and her mother had total interest. At trial, the chancellor found that Frank Miller was the sole and only heir at law of J.D. Miller, his deceased father; that Frank Miller inherited an interest in the estate of Mrs. Eunie Elkins Miller, deceased, through J.D. Miller, her deceased son; and that Mrs. Watson and Frank Miller each owned an undivided interest in the subject property.
The assignments of error present the following questions for this Court: (1) Did the lower court err in holding that Frank Miller was the sole and only heir at law of J.D. Miller, deceased, and consequently, was entitled to an interest in the estate of Mrs. Eunie Elkins Miller, deceased; and (2) did the lower court err in failing to hold that Mrs. Lena Bell Miller Watson was the sole and only heir at law of Mrs. Eunie Elkins Miller, deceased, and entitled to the entire estate.[1]

PLEADINGS
Appellant instituted the suit by an instrument referred to as a petition for the appointment of an administratrix, therein praying for the adjudication of petitioner as sole and only heir at law of Mrs. Eunie Elkins Miller and the confirmation of petitioner's title to certain land as the sole and only heir at law of Mrs. Eunie Elkins Miller, deceased. The petition charged that J.D. Miller was appellant's brother; that he had never married; that he had never fathered any children out of wedlock; and that he had died intestate on January 31, 1963, survived by his sole heirs at law, Mrs. Eunie Elkins Miller, his mother, and Mrs. Lena Bell Miller Watson, the appellant. The petition further charged that Frank Miller, the appellee, in 1973 claimed to be the illegitimate son of J.D. Miller, deceased. Appellant prayed that the court determine, adjudicate and decree that J.D. Miller died intestate without having fathered any children, legitimate or otherwise; that she be declared the sole heir at law of her mother, Mrs. Eunie Elkins Miller, deceased; and that her title to certain lands in Choctaw County, derived in part from Mrs. Eunie Elkins Miller and J.D. Miller, both deceased, be confirmed in her as their sole and only heir at law.
The appellee answered the petition, denying all averments therein insofar as they disputed any interest of appellee in the estate and land involved. He further averred that he was the only child and sole heir at law of J.D. Miller, his father, and that he was vested with an undivided one-half interest in the land, subject of the suit, through his father, J.D. Miller. In addition, appellee filed a cross-petition to remove cloud and quiet title to his alleged interest in the said lands. Therein he again charged that he was the son and sole heir at law of J.D. Miller, who died intestate, and that he and appellant were the sole heirs at law of Mrs. Eunie Elkins Miller, the deceased intestate.
Appellant answered the cross-petition, therein denying that appellee had any rights whatsoever in the lands involved and that appellee was the son and heir at law of J.D. Miller, deceased. As matters of affirmative defense, appellant pled Section 15-1-7, Miss. Code Ann. (1972), being the ten-year adverse possession statute, and averred that appellee was barred under the statute from claiming an interest in the land and estate. She also set up the defense of laches, contending that appellee waited more than 17 years in which to present a claim to said land and to assert that he was the sole child and heir at law of J.D. Miller, deceased.
In his pleadings, appellee did not claim that he was entitled to inherit from J.D. Miller, deceased, as his illegitimate son, nor did he attack the constitutionality of MCA *717 § 91-1-15 (1972), providing for descent among illegitimates, upon equal protection grounds as discriminating against illegitimates. While the appellant did plead the adverse possession statute, Section 15-1-7, Miss. Code Ann. (1972), as a bar to the claim of appellee, she did not plead the six-year general statute of limitations contained in Section 15-1-49, Miss. Code Ann. (1972). The parties, in their pleadings, should have hit the issues of illegitimacy, unconstitutionality and statute of limitations head on like two wild rams during the mating season. Instead, they danced, bobbed and weaved like boxers in the ring, skirting those questions.

FACTS
Appellant's evidence was to the effect that J.D. Miller never married and that he had no children, legitimate or illegitimate. However, the evidence was overwhelming that Frank Miller, the appellee, was born October 2, 1939, and that his father was J.D. Miller, who was nineteen years of age, and his mother was Ethel Lee Sanders, who was sixteen years of age, at the time of his birth, and that they were unmarried. Subsequently, Ethel Lee Sanders was married to Grover Coleman on July 23, 1944, and he supported Frank Miller thereafter. Frank Miller became twenty-one years of age on October 2, 1960. J.D. Miller died on January 31, 1963. The suit sub judice was filed July 28, 1980, a period of approximately eighteen years having elapsed after Frank Miller had attained his majority.

DECREE
After the parties rested, the court held that it had been established by clear and convincing proof that Frank Miller was the sole and only heir at law of J.D. Miller. At that time, the following colloquy transpired between the chancellor and the attorney representing appellant:
BY MR. THOMAS COLEMAN:
Well, may I ask the relationship of that decision to Section 91-1-15 of the Code which provides that illegitimates may inherit only from their mother?
BY THE COURT:
The Court has held that is unconstitutional.
BY MR. THOMAS COLEMAN:
Your honor, there has been no request on the part of Mr. Miller that the Court hold the section unconstitutional, and I know of no decision in the Supreme Court of Mississippi so holding it unconstitutional. Our position would be that not bringing it up, he has waived whatever right he would have to attack the constitutionality of it.
BY THE COURT:
I do not know whether this answers your question or not, Mr. Coleman, but the Court holds that Section 91-1-15 is unconstitutional by virtue of the holding of the U.S. Supreme Court in Trimble v. Gordon.

The Court decreed that appellant and appellee were the sole heirs as law of Eunie Elkins Miller, deceased intestate, and that each was vested with an undivided one-half interest in the lands involved in the suit. The court also decreed:
6. Title 91, Chapter 1, Section 15 of the Mississippi Code of 1972 is unconstitutional to the extent that it precludes an illegitimate child from inheriting by intestate distribution from the child's father unless the father subsequently married the child's mother and then acknowledges the child as his own. Said statute is an unconstitutional denial of equal protection required by the Fourteenth Amendment of the United States Constitution. Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).
The record does not reflect any mention of the unconstitutionality of Section 91-1-15, supra, until the chancellor held the section unconstitutional at the conclusion of the evidence, upon the authority of Trimble, supra.[2]
*718 Trimble involved the constitutionality of the Illinois Probate Act which allows illegitimate children to inherit by intestate succession only from their mothers, which statute is similar to that of Mississippi. Under the laws of both states, legitimate children are allowed to inherit by intestate succession from both their mothers and their fathers. The United States Supreme Court held that the statutory discrimination against illegitimate children is unconstitutional.[3]
As stated, the record reflects that the constitutional question was not raised by the pleadings, or during the trial of the case below, and the learned chancellor, on his own motion, seized upon and declared the statute, Section 91-1-15 (1972), unconstitutional. In State v. The Cabana Terrace, 247 Miss. 26, 153 So.2d 257 (1963), the court, quoting from Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138 (1935), said:
It is well-settled that the constitutionality of a statute will not be considered unless the point is specially pleaded. 247 Miss. at 37, 153 So.2d at 260.
See also Stewart v. City of Pascagoula, 206 So.2d 325 (Miss. 1968); Comfort v. Landrum, 52 So.2d 658 (Miss. 1951); Adams v. Board of Supervisors of Union County, 177 Miss. 403, 170 So. 684 (1936).
We are of the opinion that the constitutionality of the statute was not properly before the lower court and that the court erred in declaring the statute unconstitutional of its own volition.
Appellant contends that the claim asserted by appellee was barred by the ten-year statute of limitations, Section 15-1-7, Miss. Code Ann. (1972), which was pled. However, the general limitation statute of six years, Section 15-1-49 (1972), was not pled but appellant argues that the question was sufficiently raised by pleading Section 15-1-7. The proof is insufficient to establish the bar provided by Section 15-1-7.
In Knight v. Moore, 396 So.2d 31 (Miss. 1981),[4] Knight was in a mental hospital and wholly incompetent. His illegitimate daughter, Katie Ruth Moore, who had reached her majority approximately eighteen years prior to suit, filed a bill of complaint to establish that she was the illegitimate daughter of Knight and to establish her heirship from him. The evidence was practically uncontradicted that she was the illegitimate child of Knight and that, for a period of 18 years from the time she attained her majority, all of the facts and circumstances relied upon to establish heirship were thoroughly known to her. The suit was defended by the guardian of Walter Knight, who failed to raise the bar of the six-year statute of limitations, Section 15-1-49, Miss. Code Ann. (1972). Even though the statute was not pled, this Court raised the statute in his behalf, since Knight was wholly insane, and held that the claim of Katie Ruth Moore was barred six years after she had attained her majority.
In Bridgforth v. Payne, 62 Miss. 777 (1885), the appellant pled the bar of the six-year statute of limitations when he should have pled another statute of seven years. The Court stated:
The appellant having relied upon a statute not applicable, cannot invoke the protection of another not pleaded. A party who pleads or replies to a statute of limitations not appropriate to the action must abide the result. Boyd v. Barrenger, 23 Miss. 269; Trustees v. Gilman, 55 Miss. 148. 62 Miss. at 780.
The above statement of the law is a viable principle today.
Upon the record before this Court, we are of the opinion that the judgment of the lower court should be, and is reversed, and the case is remanded for a new trial on the merits.
*719 REVERSED AND REMANDED FOR A NEW TRIAL ON THE MERITS.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
NOTES
[1] Arthur Miller died intestate August 14, 1960, leaving as his heirs at law his widow, Mrs. Eunie Elkins Miller, and his children, Mrs. Lena Bell Miller Watson and J.D. Miller.
[2] Miss. Code Ann. § 91-1-15 (1972), was amended by Laws, 1981, Chapter 529, and became effective after July 1, 1981.
[3] The following cases have upheld the constitutionality of the state laws involved: Allen v. Harvey, Tenn., 568 S.W.2d 829 (1978); Everage v. Gibson, Ala., 372 So.2d 829 (1979); and Lalli v. Lalli, 439 U.S. 259, 58 L.Ed.2d 503, 99 S.Ct. 518 (1978).
[4] Knight v. Moore was decided after the lower court heard and decided the case sub judice.