# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CC-00556-SCT

*LAWRENCE COUNTY SCHOOL DISTRICT*

**v.**

*PEGGY BOWDEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/2004 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JANET McMURTRAY |
| | JAMES A. KEITH |
| | JARRAD GARNER |
| ATTORNEYS FOR APPELLEE: | CHESTER D. NICHOLSON |
| | GAIL D. NICHOLSON |
| NATURE OF THE CASE: | CIVIL - UNCONSTITUTIONAL STATUTE |
| DISPOSITION: | REVERSED AND REMANDED - 03/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Lawrence County School District and Peggy Bowden, adversaries in this case, jointly appeal the Lawrence County Chancery Court's sua spoute decision to dismiss Bowden's appeal for lack of jurisdiction.   The chancery court dismissed the case, finding the statutes authorizing appeals to the chancery court from school board decisions, Miss. Code Ann. §§ 37-9-101 to 113 (Rev. 2001), are unconstitutional.   Disagreeing with the chancellor's finding, we reverse and remand.

## FACTS

¶2.  The Lawrence County School District hired Peggy Bowden to work as a guidance counselor during the 1999-2000 school year.  After Bowden received notice from the District that it would not renew her contract, she requested that the District provide a factual basis for non-renewal and also requested a hearing before the Lawrence County School Board.  The District complied with both of these requests.  The Board voted to affirm the District's decision not to renew Bowden's contract, and she appealed to the Lawrence County Chancery Court pursuant to the Education Employment Procedures Law of 2001, Miss. Code Ann. §§ 37-9-101 to -113.  Although neither party raised the issue, the chancery court held sua sponte that the Education Employment Procedures Law unconstitutionally confers jurisdiction on the chancery court.

## ANALYSIS

¶3.  The only issue which the District and Bowden jointly raise on appeal is whether the chancellor incorrectly held that the Education Employment Procedures Law is unconstitutional.

### A. Chancellor's Sua Sponte Ruling

¶4.  It is a well-settled point of law that "the constitutionality of a statute will not be considered unless the point is specifically pleaded."  *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 688 So. 2d 742, 749 (Miss. 1996) (citing *State ex rel. Carr v. The Cabana Terrace, Inc.*, 247 Miss. 26, 153 So. 2d 257, 260 (1963)); *see also Witt v. Mitchell*, 437 So. 2d 63, 66 (Miss. 1983) (finding error in chancellor's holding that Mississippi statute was unconstitutional since neither party raised issue of constitutionality of statute).

2

¶5.    In *Lakeland Lounge*, we stated (in the context of a court's sua sponte ruling on the constitutionality of a statute), "The issues are framed, formed and bounded by the pleadings of the litigants. The Court is limited to the issues raised in the pleadings and the proof contained in the record."  688 So. 2d at 750.  We then quoted extensively from Chief Justice Griffith's *Mississippi Chancery Practice* which pertinently states:

> Courts do not instigate or initiate civil litigation . . . The power of the court, then, will be exerted only upon and will not move beyond, the scope of the cause as presented by the pleadings, for the pleadings are the means that the law has provided by which the parties may state to the court what it is they ask of the court and the facts upon which they ask it; and proof is received and is considered only as to those matters of fact that are put in issue by the pleadings, and never beyond or outside of them. If the rule were otherwise courts could become the originators instead of the settlers of litigious disputes, and parties would never know definitely what they will be required to meet or how to meet it.

*Id.* (quoting V.A. Griffith, C.J., Mississippi Chancery Practice § 564 (2d ed. 1950).

¶6.    In light of the fact that neither of the parties in this case raised the constitutionality of Mississippi's Education Employment Procedures Law, the chancellor exceeded his powers in raising the issue sua sponte.  Though this alone is dispositive of the case, we nonetheless address the issue of whether the statute is unconstitutional.

### B. Constitutionality of Mississippi Education Employment Procedures Law

¶7.    Chancery courts have full jurisdiction over "[a]ll matters in equity."  Miss. Const. art. 6, § 159; *see generally* **S. Leisure Homes, Inc. v. Hardin**, 742 So. 2d 1088, 1090 (Miss. 1999) (noting Mississippi chancery courts enjoy limited jurisdiction).   The Education Employment Procedures Law confers jurisdiction to chancery courts over matters involving

3

school employees who are aggrieved by the final decision of a school board. The statute

provides that

> (1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
> (2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located . . .
> (3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
> (a) Not supported by any substantial evidence;
> (b) Arbitrary or capricious; or
> (c) In violation of some statutory or constitutional right of the employee.

Miss. Code Ann. § 37-9-113 (Rev. 2001).

¶8. In his January 24, 2004 order, Chancellor Buffington found the statute to be unconstitutional and cited as authority *Mississippi Municipal Liability Plan v. Jordan*, 863 So. 2d 934 (Miss. 2003).[1] However, *Jordan* did not address the Education Employment Procedures Law. In that case, we reversed Chancellor Buffington's decision to hear a wrongful death tort action brought under the Mississippi Tort Claims Act, because chancery courts do not have jurisdiction over such matters. *Id.* at 940-41. Neither did *Lawrence County School District v. Brister*, 823 So. 2d 459 (Miss. 2001), to which the chancellor cited in his January

---

[1]The chancellor actually referred to the case as *Jordan v. The Town of Taylorsville* "rendered by the Supreme Court in December of 2003." Although there is no such case in our jurisprudence, we presume, based upon the date, partially-correct name, and context in which we decided *Jordan*, that he meant to cite to *Mississippi Municipal Liability Plan v. Jordan*, 863 So. 2d 934 (Miss. 2003).

10, 2002 order, address the Education Employment Procedures Law.[2] Similar to ***Jordan***, we reversed Chancellor Buffington's decision to hear a personal injury action brought under the Mississippi Tort Claims Act. ***Id.*** at 460-61. Just as in ***Jordan***, we found chancery courts do not have jurisdiction over such matters. Therefore, the two cases to which the trial court cited are wholly inapposite to the case at hand. We note that prior to the order in question, we handed down an opinion in which we reviewed one of Chancellor Buffington's orders in another appeal of a school board decision. *See **Cowart v. Simpson County Sch. Bd.***, 818 So. 2d 1176 (Miss. 2002). In that case, the chancellor reviewed a school board decision under the same statute whose constitutionality he now questions. ***Id.***

¶9.    Our jurisprudence attests to the principle that appeals of state board and agency decisions generally fall under the constitutional purview of "matters in equity." As we stated in ***Harris v. Canton Separate Public School Board of Education***, 655 So. 2d 898, 903 (Miss. 1995),

> Where a school district decides not to renew an employee's contract, written notice is required under [Section] 37-9-105. ***Noxubee County Sch. Bd. v. Cannon***, 485 So. 2d 302 (Miss. 1986) . . . [T]he hearing procedures for a non-renewal decision are governed by [Section] 37-9-111. ***DeSoto County Sch. Bd. v. Garrett***, 508 So. 2d 1091 (Miss. 1987). And as with a dismissal, a non-renewed employee aggrieved by the final decision of the board may appeal to the chancery court under [Section] 37-9-113. Again, the chancellor's (and this Court's) scope of review is limited to determining whether the board's action was (1) supported by substantial evidence; (2) arbitrary or capricious; [(3) beyond the power of the administrative agency to make; or]; (4) in violation of some statutory or constitutional right of the employee.

---

[2]The January 10, 2002 order, although entitled "Final Judgment," was actually an order to the Attorney General to be made a party to the action so the chancellor could conduct a hearing as to the constitutionality of the statute in question.

*Claiborne County Bd. of Educ. v. Martin*, 500 So. 2d 981, 984-85 (Miss. 1986).

(alterations added). *See Clancy's Lawn Care & Landscaping, Inc. v. Miss. State Bd. of Contractors*, 707 So. 2d 1080, 1082 (Miss. 1997). *Harris* makes clear that review of board and agency decisions (and, in particular, school board decisions) falls under the scope of those "matters in equity" which our Constitution permits chancery courts to hear. The chancellor here erred in concluding otherwise.

## CONCLUSION

¶10.    The Lawrence County Chancery Court erred when it held sua sponte that the Mississippi Education Employment Procedures Law is unconstitutional. We declare that it is constitutional and reverse the chancellor's judgment and remand this case to the chancery court for the limited purpose of reviewing whether the decision not to renew Bowden's contract was supported by substantial evidence, was arbitrary and capricious, was beyond the power of the administrative agency to make, or was in violation of Bowden's statutory or constitutional rights.

¶11.    **REVERSED AND REMANDED.**

   **SMITH, C.J., COBB, P.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**