# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-00105-SCT

*ANDREA LEIGH TAYLOR*

*v.*

*THOMAS ROY TAYLOR, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/2014 |
| TRIAL JUDGE: | HON. JOHN ANDREW HATCHER |
| TRIAL COURT ATTORNEYS: | MICHAEL LEE DULANEY |
| | JAMES ROGER FRANKS, JR. |
| COURT FROM WHICH APPEALED: | UNION COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL LEE DULANEY |
| ATTORNEYS FOR APPELLEE: | JAMES ROGER FRANKS, JR. |
| | WILLIAM RUFUS WHEELER, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 10/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     For this Court to consider an issue, a party must first present his or her claimed error to the court below.  When a party fails to do so, he or she is barred from raising that issue on appeal.  In this appeal, the appellant claims the chancellor committed error by awarding a child-support judgment to her son—a nonparty.  Because this lone appellate issue was never raised in chancery court during trial or in post-trial motions, it is not properly before this Court and is barred from our review.  We thus affirm.

**Background Facts and Procedural History**

¶2.      Andrea and Thomas were divorced on September 5, 2003.[1]   The couple had incorporated a property-settlement agreement into their divorce decree.  But despite their divorce, they continued to cohabit for another decade.  Eventually, the relationship again deteriorated, and they finally separated in May 2013.  Not long after their separation, Thomas filed a motion for contempt against Andrea for not paying college tuition and related expenses for their older son—Austin.[2]  Thomas argued the property-settlement agreement incorporated in their divorce included college tuition and expenses.  And Andrea had failed to pay these costs.  Before separating, the couple did contribute to Austin's living and college expenses—but the bulk was paid by loans.  Austin was enrolled in Delta State's commercial aviation program and had accumulated at the time more than $70,000 in student-loan debt.[3]

¶3.      Andrea claimed the property settlement did not include college tuition and expenses, and that Austin was aware those costs were his responsibility.[4]  During a November 26, 2014, hearing, the parties presented this issue to the court.  The chancellor determined the property-settlement agreement *did* include college tuition and the related expenses.  And Austin was

_____

[1] The Final Decree of Divorce was entered September 5, 2003, nunc pro tunc to March 15, 2003.

[2] This motion for contempt evidently was filed separately, but it was consolidated with custody litigation concerning the couple's younger son.

[3] Andrea completed the student-loan paperwork and listed Austin and Thomas as being responsible for repayment.

[4] Andrea also argued that the relationship between her and Austin had deteriorated so significantly that he could not legally be entitled to support.  *See **Hambrick v. Prestwood***, 382 So. 2d 474, 477-78 (Miss. 1980).

entitled to this support from both Thomas and Andrea until he became legally emancipated in August 2013.[5]

¶4.    The chancellor calculated Austin's student-loan debt up to the point of emancipation—arriving at a total of $61,136. Because he found Thomas and Andrea were equally responsible for tuition and expenses, each party was held responsible for $30,568. The chancellor entered a judgment for Austin but delayed its execution until the loan came due and payable. He held neither party in contempt for failing to pay Austin's tuition and expenses.

¶5.    Andrea now appeals, raising one issue. She claims that, because Austin was not a party, the chancellor erred by granting an award to him.

**Discussion**

¶6.    "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *Adams v. Bd. of Supervisors of Union Cty.*, 177 Miss. 403, 170 So. 684, 685 (1936) (citations omitted); *see also Pierce v. Pierce*, 132 So. 3d 553, 567 (¶ 37) (Miss. 2014) (citing *McNeese v. McNeese* 119 So. 3d 264, 267 (Miss. 2013)); *In re Adoption of Minor Child*, 931 So. 2d 566, 579 (¶ 36) (Miss. 2006) (citing *Chantey Music Pub., Inc. v. Malaco, Inc.*, 915 So. 2d 1052, 1060 (Miss. 2005)); and *Burnham v. Burnham*, 185 So. 3d 358, 361 (¶ 10) (Miss. 2015) (citing *Mills v. Nichols*, 467 So. 2d 924, 931 (Miss. 1985)). Here, neither party challenged or objected to proceeding on Austin's

_____

[5] The chancellor found Austin became emancipated when he cohabited with his girlfriend without Andrea's approval. *See* Miss. Code Ann. § 93-11-65(8)(b)(iii) (Rev. 2013) (child-support obligations cease when the child cohabits with another person without the approval of the parent obligated to pay child support).

3

tuition and school expenses, or to the chancellor's interpreting the underlying property-settlement agreement from the couple's 2003 divorce. Furthermore, after confronting the tuition and expenses issue, Andrea's attorney asked several questions about the chancellor's decision and allocation of the judgment. He even offered to prepare the order from which Andrea appeals. So both parties acquiesced in the manner in which the chancellor decided this matter. Because Andrea neither challenged nor objected to the chancellor's authority to grant an award to her son at trial or in post-trial motions, this issue is forfeited and barred from our appellate review.

¶7.    **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, COLEMAN AND BEAM, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY RANDOLPH, P.J.**

**KING, JUSTICE, DISSENTING:**

¶8.    The chancellor in this case entered a judgment in favor of Austin, a nonparty, for the future repayment of his student loans. Because I believe that Austin was a necessary party to the action, I dissent. Andrea argues that the trial court erred by entering a judgment in favor of Austin, who was not a party to the action. All parties testified that Austin knowingly and voluntarily took out student loans to pay for the high cost of the aviation program at Delta State. Andrea testified that "Austin was aware that he would be responsible for paying for the [student loans]" because the aviation program was so expensive. She stated that the parties discussed that Austin could live at home while he was paying for the loans to help him with expenses. Austin testified that he knew that he would be required to pay some of

4

the loans back himself, but that he thought that everybody would be responsible for paying back the loans. Tommy testified: "My understanding on the $70,000 loan was that [Andrea] and I both help Austin – when he graduates, make the payments until he gets a job, and then continue to help him until he gets feasible in order to pay the loans back."

¶9.     Andrea, Tommy, and Austin all testified that Austin knew at the time that he signed the loans that he would be responsible for paying back some or all of his student loans. Because Austin was contractually obligated to repay his student loans and because Tommy brought an action for the future repayment of those loans, I believe that Austin was a necessary party to the action.

¶10.    Additionally, I believe that the chancellor manifestly erred in failing to dismiss Tommy's citation of contempt. A decision of the chancery court is reversed in domestic-relations cases only "where the chancery court applied an erroneous legal standard or reached a manifestly wrong or clearly erroneous decision." *Hays v. Alexander*, 114 So. 3d 704, 707 (Miss. 2013). Tommy testified that he was not asking that Andrea pay anything at that time, just that Andrea be held responsible for paying back half of Austin's student loans when the loans became due and payable. This Court previously has held that "either the child or the former custodial parent may bring an action against the defaulting parent. . . ." *Shelnut v. Dep't of Human Servs.*, 9 So. 3d 359, 367 (Miss. 2009) (citation omitted). However, because this is not an action against a defaulting parent, but instead an action for the future payment of students loans that are not yet due, I believe that there is a distinction.

¶11. The trial court found Andrea and Tommy jointly responsible for the repayment of Austin's student loans from 2011 to 2013. Although college expenses are not considered to be regular child support, a parent may be ordered to pay for the expenses of a college or other advanced education. *Nichols*, 547 So. 2d at 769. The duty to send a child to college is dependent on the child's aptitude and qualifications for college as well as on the child's behavior toward the parent. *Lawrence v. Lawrence*, 574 So. 2d 1376, 1383 (Miss. 1991) (quoting *Hambrick v. Prestwood*, 382 So. 2d 474, 477 (Miss. 1980)).

¶12. The agreement, which provided for care and custody of Austin and the property settlement of the parties, was incorporated into the final decree of divorce on September 5, 2003, when Austin was only ten years old, eight years before he enrolled in college. The agreement stated in relevant part that "[t]he parties both agree that they will each be responsible for ½ of child care expenses or school expenses for the care, maintenance and welfare of the minor child of the parties." The trial court held that, in the settlement agreement, the term "school expenses" encompassed college tuition. I believe that this was error. This Court previously has held that "few if any parents can anticipate with certainty, five years ahead of time, that their children will attend college." *Lawrence v. Lawrence*, 574 So. 2d 1376, 1381 (Miss. 1991); *see also Rogers v. Rogers*, 662 So. 2d 1111, 1115 (Miss. 1995) ("This Court . . . suggests to attorneys in drafting future agreements to indeed be definite and reasonable in its terms regarding time and scholastic performance standards and limitations."). Because Austin was only ten years old at the time the child support agreement

was entered into, it is unlikely that Austin's parents intended that school expenses include college tuition, especially for the substantially higher cost of the aviation program.

¶13. Because the child support agreement was entered into when Austin was ten years old and did not include a provision for college expenses, I believe a motion for contempt was not the appropriate procedure to determine responsibility for the repayment of Austin's loans. Tommy's counsel stated at the beginning of the hearing that the parties were "here only on the contempt that I had filed in the 2002 case." He stated that he was the moving party because contempt was the only outstanding issue. "[A] citation for contempt is proper only when the contemner has willfully and deliberately ignored the order of the court. . . ." ***Brewer v. Holliday***, 135 So. 3d 117, 121 (Miss. 2014). Because the 2003 child custody agreement did not contain a provision for Austin's college expenses, the correct course of action was for Tommy to file a modification of the child support judgment. Additionally, this Court notes that Andrea could not have been in contempt for the failure to pay Austin's student loans, because the student loans had not yet become due and payable. Tommy also had not paid anything toward Austin's student loans. Neither party testified that money contributed before Austin's loans matured would be used to prevent Austin from taking out more loans.

¶14. Accordingly, I believe the trial court misapplied the law in this case and erred in its interpretation of the 2003 child support agreement and in its award of a judgment in favor of Austin, a nonparty to the action. While the majority concludes that these issues should not be addressed, this Court previously has addressed issues outside the ones briefed by the parties. "This Court is not limited to only the issues stated in the [briefs]. Rather, this Court's

7

appellate jurisdiction extends to the full scope of the interests of justice, as it does in any properly appealed matter." ***Public Emps. Ret. Sys. of Miss. (PERS) v. Hawkins***, 781 So. 2d 899, 900 (Miss. 2001); *see also* ***McDaniel v. Ritter***, 556 So. 2d 303 (Miss. 1989) ("Our appellate jurisdiction extends to cases and not just issues. While we normally limit our review to specific issues presented by the parties, that limitation is one of expedition and not jurisdiction. . . .").

¶15.    The student loans knowingly were taken out in Austin's name and the judgment against Andrea goes solely toward Austin's student loans, and not toward past-due repayment money that Tommy has expended for Austin. Therefore, I believe that Austin is a necessary party to an action for the determination of the repayment of his student loans.

**RANDOLPH, P.J., JOINS THIS OPINION IN PART.**