NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBORO *v.* WILLIAM EDWARDS.

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 97. *Reviving barred remedy. Contractual limitation.*

Constitution 1890, sec. 97, prohibiting the legislature to revive any remedy which may have been barred by lapse of time, or by any statute of limitation of this state, has no application to the terms of a contract by which the parties agree that an action shall not be brought thereon after a specified time, but relates wholly to such limitation of time in which suits may be brought as is recognized by the law of the state.

2. PRIVILEGE TAXES. *Delinquency. Disability to sue. Code* 1892, *§* 3401. *Amnesty act. Laws* 1904, *ch.* 75, *p.* 57.

Parties who were disabled to maintain suits, under, Code 1892, § 3401, because of delinquency in the payment of privilege taxes, could avail of the amnesty act of 1904 (Laws 1904, ch. 75, p. 57), and remove such disability where suit was pending when the act was passed, although the contract of fire insurance sued upon provided that no suit could be maintained upon it unless instituted within one year from the fire and more than a year had elapsed between the date of the fire and passage of the amnesty act.

FROM the circuit court of Oktibbeha county.

HON. EUGENE O. SYKES, Judge.

Edwards, the appellee, was plaintiff, and the insurance company, the appellant, defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Appellant issued a fire insurance policy on a storehouse and stock of goods belonging to appellee in Sturgis, Miss., which was destroyed by fire on the night of the 30th of January, 1902, while the policy was in force. This is a suit brought by appel-

lee against appellant to recover the sum of $1,900 on this policy. The suit was filed December 1, 1902. The policy contained a provision that no suit should be maintained on it unless brought within twelve months after the fire. There were two counts to the declaration—the first, for the building and store fixtures; the second, for the stock of goods. The suit was returnable to the May term, 1903. Defendant pleaded the general issue. As to the second count, it pleaded the failure of plaintiff to pay his privilege tax, and the contractual limitation of twelve months after the fire, and its breach. There were a number of other pleas, but the view taken of the case by the court renders it unnecessary to set them out. Plaintiff replied to the plea of failure to pay privilege tax by confessing the plea, and avoiding by averring that an amnesty act was passed by the legislature in 1904 (Acts 1904, p. 57, ch. 75), and a compliance therewith by plaintiff by payment of the amount therein prescribed. Defendant demurred to this replication, assigning the following causes of demurrer: No answer to the plea. If the act of 1904 is valid, it could validate the contract only as of the date of its passage, January 28, 1904, and could not affect defendant's plea in this suit, pending at the time of its passage. If valid, the act applies only to suits brought after its passage. It purports to apply to contracts made within four years of its passage, and is therefore an amendment of ch. 46, p. 48, Acts 1900, and, as such, violates sec. 61, Constitution 1890. It violates sec. 112 of the constitution, because not equal and uniform. It violates sec. 87 of the constitution, because it suspends a general law for the benefit of individuals and corporations. It violates sec. 97 of the constitution, in that at the time of its passage the cause of action was void, and the remedy was barred by the twelve months' contractual limitation of the policy, and the act undertakes to revive this remedy. The remedy was barred by the contractual limitation in the policy before the passage of the act. The demurrer was overruled. Defendant then rejoined that the failure to pay the privilege tax, under the statute, made

the policy, as to the stock of goods, null and void, and made suit not maintainable thereon; that when this suit was brought, and up to the passage of the act of 1904, no suit was maintainable on the policy; that the policy provides that no suit can be maintained unless brought within twelve months after the fire; that said act was not passed until more than twelve months after the fire; that, under sec. 97, Constitution 1890, the legislature had no power to pass said act, to make it applicable to the contract sued on; and that the judgment of the court in giving effect to said act, contrary to the contractual limitation in the policy, impairs the obligation of defendant's contract, and deprives defendant of its property without due process of law, contrary to the federal constitution. A demurrer was sustained to this rejoinder, and judgment final as to the privilege tax plea was rendered. Issues were made up on other pleas, and a trial was had, which resulted in a verdict and judgment for plaintiff for the amount sued for. Defendant's motion for a new trial was overruled.

*Green & Green,* for appellant.

The court erred in overruling defendant's demurrer to the replication setting up the amnesty act of 1904, in confession, and avoidance of the failure to pay the privilege tax.

Under § 3401, Code 1892, Acts 1898, pp. 29, 30, "all contracts made with any person who shall violate the provisions of this chapter . . . shall be null and void, so far as such person may base any claim upon them, and a suit shall not be maintainable in favor of any such person on any such contract."

The statute makes the contracts void, and its repeal does not make such contracts valid. *Anding* v. *Levy,* 57 Miss., 51; *Decell* v. *Lewenthal,* 57 Miss., 331.

A policy of insurance is a contract within the statute. *Pollard* v. *Insurance Co.,* 63 Miss., 244.

When this suit was brought in 1902 upon this policy, the policy as to the stock of goods was void, and a suit or remedy

thereon was prohibited. In this condition of affairs the defendant pleaded the failure to pay the privilege tax, and that plea was a complete bar to the maintenance of the suit. When this plea was confessed, the court was shown that this failure existed and that it could proceed no further with the suit; there was and could be no suit maintained on such a contract.

In 1904, about three years after the fire, and when the contractual limitation of twelve months in the policy had barred any suit, the legislature passed the act of 1904, whereby the effect of the prohibition of this general act was to be removed, and the contracts when void and without remedy therein were to be made valid and enforceable.

Construing this act of 1904 we find it retroacts for four years, and thereby is an amendment to ch. 46, Acts 1900, and as such amendment it violates sec. 60, Constitution 1890. *Hunt* v. *Wright,* 70 Miss., 298; *Nations* v. *Lovejoy,* 80 Miss., 402.

The act is plainly prospective in its operation, and when complied with should then, *in presenti,* give a remedy on the contract. Its language would not imply that it would, retroactively, apply the remedy thus created to a then pending suit. There is, then, no remedy on this contract. *Crum* v. *Carrington,* 72 Miss., 458.

If the act shall be interpreted as creating a remedy in the then existing suit, then such suit could have existence in the eye of the law only from the passage of the act. No suit was maintainable up to that time. Legally, no suit could or did exist. The result would be that suit then for the first time brought was barred by the twelve months contractual limitation in the policy. *Ohio* v. *Insurance Co.,* 65 Miss., 532; *Ward* v. *Insurance Co.,* 82 Miss., 129.

The remedy on this contract being barred by the said contractual limitation when the act of 1904 was passed, it was beyond the power of the legislature to create a remedy because of sec. 97, Constitution 1890.

It is to be noted that this constitutional provision covers two

classes : those remedies which may have become barred by lapse of time, or by any statute of limitation of this state. Under this first class would clearly fall contractual limitation in contracts.

*Carroll & Magruder,* for appellee.

This appeal is altogether lacking in any substantial merit, and its consideration involves nothing but refined technicalities. The appellant, defendant below, in its second plea alleged non-payment of privilege tax upon the part of the plaintiff. This second plea, when originally filed, was a general plea to the whole declaration, but was amended by consent after the plaintiff's replications had been filed, so as to apply only to the second count of the declaration. The plaintiff's second replication sets up the passage by the legislature of the said amnesty bill and the compliance of the plaintiff therewith. To this replication the defendant demurred.

It is contended by the distinguished counsel for the appellee that the act of 1904 can in any event be applied only to suits brought after its passage. This position is untenable. Any such hypercritical construction of the acts of 1904 does violence to its unmistakable terms. Ch. 35 of the said acts declares in emphatic words that "any and all" contracts of this nature may be validated by compliance with its provisions. The demurrer admits everything, and the appellant's position is simply an effort to make "any and all' mean something else. Appellant demands that this court must write into the act the qualification: "Except where suits are now pending." The legislature would have made this exception if, in their judgment, it had been thought advisable; but they saw no good reason why any exception or distinction should be made, and that is an end of the matter. There have been six amnesty bills since the annotated code was adopted, covering each session of the legisature, with the exception of 1898. The first of these six bills is to be found in ch. 25, Acts 1894. It did not

apply to "any and all" contracts, but only to "contracts," and excepted those cases where "actions or suits are pending involving such contracts in any court of law or equity."

Ch. 39, Acts 1896, clearly manifests upon the part of the legislature a more liberal policy, among other extensions of the amnesty being its application to "all contracts." Ch. 8, Acts 1897, uses the same language in this respect. Ch. 46, Acts 1900, is still more emphatic, and says in good, plain old Anglo-Saxon, "any and all contracts." Ch. 55, Acts 1902, follows with the same words, "any and all contracts." Thus the legislature of 1904 had these legislative precedents before it. Should its amnesty be extended to "any and all contracts" in accordance with the policy of recent years, or should it go back to the acts of 1894, reaching only that limited class of contracts not pending in litigation?

Sec. 97, Constitution 1890, has for at least two distinct reasons no applicability to the chapter in question or to this case with reference thereto. Sec. 97 of the constitution evidently refers to statutes of limitation of this state or to a lapse of time similar thereto, as of some federal limitation applicable in this state. It clearly has no reference whatever to some special, contractual limitation provided between individual persons. Not only this; the act in question does not "revive any remedy." It only removes a barrier previously interposed by the state against the enforcement of a contract. The contract was not dead; it did not have to be revived; the remedy thereunder was not dead under the familiar principle that for every right there is a remedy. It may be true that in a certain course of procedure the remedy could not be asserted, but it still existed with virility and force, but suspended from enforcement. If the defendant company had sought to enjoin the collection of the policy upon the ground of non-payment of privilege tax, it would have been speedily discovered whether or not the contract and the remedy thereunder were dead.

A further conclusive reply to this contention is that the

twelve months' contractual limitation is not a limitation upon the amendment of the suit, upon the right to plead *puis darrein continuance* upon the assertion of a particular right of remedy in the course of the suit, but upon the bringing of the suit itself.

The only contractual limitation in the policy (and being in derogation of our statutory limitation, it should be strictly construed) is that the suit must be commenced within the twelve months after the fire. As the court says in *Ward* v. *Insurance Co.*, 82 Miss., 124: "In other words, the action which must be brought within the specified time is the action which shall afterwards be prosecuted to judgment." This is the only limitation in the policy, and it is a captious contention that seeks to apply this limitation to the successive developments of the case. The difficulty arises from the confusion of the commencement of a suit with the incidents of a suit after it has been instituted.

Argued orally by *Marcellus Green,* for appellant, and by *W. W. Magruder,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The provision of sec. 97 of the constitution of 1890 in respect to reviving a remedy relates alone either to an express statute of limitation of this state or to a lapse of time dealt with, under the statute or under the general law, as a limitation of time. The phrase "lapse of time," as here used, must be interpreted to mean—on the maxim, *"Noscitur a sociis"*—a period of time limiting the action. The statute providing that no action could be maintained on any contract in a business where the privilege license had not been paid does not provide any statute of limitation within which the remedy must be pursued. It sets up an absolute bar, while it exists, to the right of recovery at all. It is a bar to recovery which the state has interposed between itself and a delinquent taxpayer, effectual without reference to the time, so long as the statute is unmodified. In other words, the provision of sec. 97 of the constitution relates wholly to a limitation of time in which suits may be brought,

and to such limitation as is recognized by the law of this state. The statutory provision prohibiting the maintenance of suits relates not at all to such limitation of time, but provides an absolute bar to the right to recovery while the statute is in force. Sec. 97 of the constitution, therefore, is in no way interfered with by the amnesty act. The amnesty act, as held in the Pollard insurance case, 63 Miss., 244 (56 Am. St. Rep., 805), simply removes the barrier the state had set up between itself and a delinquent taxpayer. The clause in the policy of insurance is a contractual limitation made between private parties, not a limitation existing under the statute of limitation or under the general law. The inherent difference in the nature of the two things—the contractual provision in the policy and § 3401, Code 1892—solves all the trouble. The former relates alone to remedy, and to that feature of the remedy constituting the time in which suit may be brought. Sec. 3401, Code 1892, relates not at all to any limitation of time in which a suit may be brought, but to a wholly different thing—to wit, an absolute bar to a right to recovery at all which is by it set up. The argument is that during the time § 3401, Code 1892, was in force, no suit could be commenced on this contract—legally commenced—in other words, that there could be no legal commencement of such suit until after the amnesty act had been passed, and hence, as that act was not passed until after the expiration of the period of time within which plaintiff, by virtue of the contractual provisions in the policy, might sue, had expired, the plaintiff was barred. What we have said clearly disposes of this contention. The insurance company, because the state sets up a bar to the right of recovery at all, and afterwards sees fit to remove it as between itself and the delinquent taxpayer, derives from such legislation, not relating at all to a limitation of time, no right to claim that the suit has been barred by virtue of the contractual provision. So far as the insurance company is concerned, the suit was legally instituted. The institution of the suit is one thing; recovery under it is another. An in-

surance company cannot avail itself of this sort of statute; § 3401, Code 1892, passed for the purpose we have stated, not relating to limitation of time at all, as an aid to its contractual provision, which relates to time alone.

There is no merit in any of the other contentions.

*Affirmed.*