435 So.2d 632 (1983)
In re The ESTATE OF Mack KIDD, Deceased, Emma Gunn Webber
v.
John H. KIDD.
No. 53399.
Supreme Court of Mississippi.
April 27, 1983.
*633 Coleman, Coleman & Coleman, Lee S. Coleman, West Point, for appellant.
Marshall & Hazard, Robert B. Marshall, Jr., B. Stevens Hazard, West Point, for appellee.
En Banc.

ON PETITION FOR REHEARING
DAN M. LEE, Justice, for the Court:
The petition for rehearing is granted, the former opinion in this case rendered December 1, 1982, is withdrawn, and this opinion is substituted therefor.
This is an appeal from the Chancery Court of Clay County wherein Emma Gunn Webber, appellant, filed a petition to determine heirship, alleging herself to be a lawful heir of Mack Kidd, deceased. John H. Kidd, appellee, the son of Mack Kidd, answered the petition, denying the material averments thereof and by way of a plea in bar asserted Webber's petition was barred by the six-year statute of limitations. A hearing was held on the plea in bar. Thereafter, the chancellor found that Webber's petition was barred by Mississippi Code Annotated section 15-1-49 (1972). From a decree dismissing her petition, Webber appeals. We reverse.
Appellant filed her petition in the Chancery Court of Clay County, praying that she be recognized as an heir at law of Mack Kidd, deceased. She was born on January 7, 1940, and asserted that she was first told decedent was her father when she was approximately three or four years of age.
The evidence established that decedent was married to Martha Kidd prior to 1940, their only child being born June 25, 1926. *634 Decedent remained married to Martha Kidd up until the time of his death.
The chancellor, following a hearing on appellee's plea in bar, found appellant's action was barred by the six-year statute of limitations after appellant reached her majority. A final decree was entered accordingly.
Did the chancellor err in holding that appellant's cause of action was barred by the six-year statute of limitations as provided in section 15-1-49 (1972)?
The following list of chronological events is necessary for a complete understanding of this cause:
(1) 1-7-40 Emma Gunn Webber (appellant) was born.
(2) 1-7-61 Emma Gunn Webber attained the age of 21.
(3) 4-26-77 Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), was decided by the United States Supreme Court.
(4) 7-78 Mack Kidd died.
(5) 5-29-80 Emma Gunn Webber filed her petition to determine heirship in the Chancery Court of Clay County.
(6) 4-1-81 Knight v. Moore, 396 So.2d 31 (Miss. 1981), was decided by the Mississippi Supreme Court.
(7) 5-20-81 Emma Gunn Webber's petition to determine heirship was dismissed by the Chancery Court of Clay County on the basis of Knight, supra.

(8) 7-1-81 MCA § 91-1-15(2) (Supp. 1981) became effective.
Appellant's petition in the cause sub judice was a petition to determine heirship under Mississippi Code Annotated section 9-1-27 (1972). The chancellor, relying on our decision in Knight v. Moore, 396 So.2d 31 (Miss. 1981), dismissed appellant's petition on the ground that such was barred by our six-year statute of limitations as provided in section 15-1-49. The learned chancellor reasoned that appellant's action was barred because it was not filed within six years after appellant became twenty-one years old.
This cause is not a paternity action, but an action to determine heirship pursuant to section 91-1-27 (1972), which provides as follows:
In all cases in which persons have died, or may hereafter die, wholly or partially intestate, having property, real or personal, any heir at law of such deceased person, or any one interested in any of the property as to which he shall have died intestate, may petition the chancery court of the county in which said deceased had his mansion house or principal place of residence, or in which any part of his real estate may be situated, in case he was a nonresident, setting forth the fact that said person died wholly or partially intestate, possessed of real or personal property in the State of Mississippi, the names of the heirs at law or next of kin, and praying that the person named in said petition be recognized and decreed to be the heir at law of said deceased.
Before the United States Supreme Court decided Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), appellant had no cause of action under our laws governing intestate descent and distribution because of section 91-1-15 (1972). Nor was a paternity proceeding a prerequisite to an action under the aforementioned statute. At the time appellant instituted her action, Mississippi Code Annotated section 93-9-13 (1972)[1] provided as follows:
The obligation of the estate of the father for liabilities under sections 93-9-1 to 93-9-49 are limited to amounts accrued prior to his death. However, in order to hold the estate of the father liable under sections 93-9-1 to 93-9-49, *635 an action hereunder must have been commenced during the lifetime of the father.
Pursuant to this statute, appellant could not have maintained a paternity action after Mack Kidd's death. The authorities are almost unanimous that a paternity proceeding may not be instituted after the death of the putative father so as to charge his estate with the duty to support an illegitimate. Annot. 58 A.L.R.3d 188 (1974). In Knight, supra, we held a thirty-nine-year-old woman was barred by the six-year statute of limitations where she sought to be declared an heir of Walter Knight, alleging to be his natural daughter, born out of wedlock. The distinguishing factor between Knight and the instant case is that in Knight the alleged father was still alive although this Court characterized him as being mentally dead. Because Knight was still physically alive, he could have no heirs.
In Covington v. Frank, 77 Miss. 606, 27 So. 1000 (1900), this Court stated:
If to prove the status of Mary Covington and Cornelia Miller as to W.A. Covington be proof of a claim against the estate of W.A. Covington, certainly it is a claim that did not originate in the lifetime of W.A. Covington. It is undoubted law that a child, during the lifetime of the father, has no interest in his estate; it was held in the New Orleans Railway & Mill Supply Co. v. Gattie and wife, [77 Miss. 754, 27 So. 601] at this term, that a wife has no property interest in the homestead of the husband such as would constitute a consideration to support a promise from him to her. So neither wife nor child has any interest in the property of the husband and father during his lifetime; dying intestate they would be his heirs, and to prove their relationship to him is to prove their title to his property by descent when cast; but it is not to prove a claim that originated in his lifetime. At the death of a person, dying intestate, eo instanti the title of the heirs accrues. Jones v. Robinson, 17 Ohio St., 171, 180; 1 Redfield on Wills, 412, 413.

It is too plain for argument that the title of Mary Covington and Cornelia Miller, as his heirs, to the estate of W.A. Covington did not accrue in his lifetime, and only a claim arising in his lifetime excludes them from testifying. (77 Miss. at 618, 27 So. 1000). (emphasis ours)
Furthermore, to hold Knight controlling would require retroactive application of that decision which clearly announced a new principle of law. See Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and Harrell v. State, 386 So.2d 390 (Miss. 1980).
A cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested. Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960); Aultman v. Kelly, 236 Miss. 1, 109 So.2d 344 (1959); Walley v. Hunt, 212 Miss. 294, 54 So.2d 393 (1951); and Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344 (1943). A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made. Euclid-Miss. v. Western Cas. & Sur. Co., 249 Miss. 547, 163 So.2d 676 (1964); Boydstun v. Pearson, 239 Miss. 479, 123 So.2d 621 (1960); and Miller v. Fowler, 200 Miss. 776, 28 So.2d 837 (1947).
Because a determination of heirship could not be made before the death of Mack Kidd, it necessarily follows that appellant's cause of action did not accrue until the death of Mack Kidd. Pursuant to section 15-1-49, appellant had six years thereafter to file her petition. The legislature, in amending section 91-1-15(2) (Supp. 1981), has clearly recognized this right. This action was evidently taken in response to the United States Supreme Court decision in Trimble, supra.
In conclusion, we hold that the chancellor erroneously applied Knight, supra, so as to bar appellant's claim. This is not a paternity proceeding, but a petition to determine heirship, which could only accrue upon the death of the intestate. Upon remand, the parties may amend their pleadings *636 to raise the constitutionality of section 91-1-15 (1972) and any defenses thereto.
In Vance Witt, Successor Administrator of the Estate of Frances Mitchell Mayes, Deceased, et al v. Mark Mitchell, Miss. ___ So.2d ___, No. 53,558, decided March 30, 1983, not yet reported, we held that Trimble, supra, has prospective application only from the date of the decision (April 26, 1977), and to any cases which were pending at the time it was decided.
Because the death of Mack Kidd occurred in July 1978, one year and two months later, Trimble would therefore apply to the cause sub judice.
Based on the foregoing, this cause is hereby reversed and remanded to the Chancery Court of Clay County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, BOWLING, HAWKINS and ROBERTSON, JJ., concur. WALKER and BROOM, P.JJ., and ROY NOBLE LEE, J., dissent. PRATHER, J., not participating.
WALKER, Presiding Justice, dissenting:
I respectfully dissent from the opinion of the majority granting the appellant's petition for rehearing. The granting of the petition for rehearing came about through a change of Justices on this Court.[1]
In my view, the original opinion, quoted below, was correct and should stand. Footnote 4 has been added to the original opinion.
"This is an appeal from the Chancery Court of Clay County wherein Emma Gunn Webber, petitioner/appellant, filed a petition to determine heirship, alleging herself to be a lawful heir of Mack Kidd, deceased. John Kidd, respondent/appellee, the son of Mack Kidd, answered the petition, denying the material averments thereof and by way of a plea in bar asserted Webber's petition was barred by the six-year statute of limitations. A hearing was held on the plea in bar. Thereafter, the chancellor found that Webber's petition was barred by Mississippi Code Annotated section 15-1-49 (1972). From a decree dismissing her petition, Webber appeals. We affirm.
Appellant filed her petition in the Chancery Court of Clay County, praying that she be recognized as an heir at law of Mack Kidd, deceased. Appellant was born on January 7, 1940, to Mary Gunn and asserted that she was first told decedent was her father when she was approximately three or four years of age.
The evidence established that Mack Kidd was married to Martha Kidd prior to 1940, their only child, John Kidd, being born June 25, 1926. Mack Kidd remained married throughout his life to Martha Kidd up until the time of his death in July 1978.
The chancellor, following a hearing on appellee's plea in bar, found appellant's action barred by the six-year statute of limitations after appellant reached her majority, i.e., her 27th birthday. A final decree was entered accordingly.
Did the chancellor err in holding appellant's petition was barred by the six-year statute of limitations?
Appellant contends that the six-year state of limitations (Miss. Code Ann. 15-1-49 (1972)) is inapplicable to the present case because it involves a petition to determine heirship pursuant to Mississippi Code Annotated section 91-1-27 (1972) and is not a paternity suit under the authority of Mississippi Code Annotated section 93-9-29 (1972).[2]
In Knight v. Moore, 396 So.2d 31 (Miss. 1981), Moore brought suit against Walter Knight, a mental incompetent, alleging she was his natural daughter, born out of wedlock, and demanding that she be declared his heir. Moore had reached her majority *637 some eighteen years prior to filing her suit. This Court held that Moore became barred by the six-year general statute of limitations set forth in section 15-1-49 six years after Moore attained the age of twenty-one.
In Estate of Miller v. Miller, 409 So.2d 715 (Miss. 1982), Watson filed suit to adjudicate herself the sole and only heir at law of Mrs. Eunie Elkins Miller and to confirm in herself title to certain lands in which she and her mother had total interest. The chancellor found that Frank Miller was the sole and only heir at law of J.D. Miller, his deceased father; that Frank Miller inherited an interest in the estate of Mrs. Eunie Elkins Miller, through his deceased father, and that Mrs. Watson and Frank Miller each owned an undivided interest in the subject property. Although the suit was filed some eighteen years after Miller had attained his majority, Watson failed to plead the six-year statute of limitations. This Court refused to allow that issue to be raised on appeal, but noted, in reversing and remanding the cause, the following:
The parties, in their pleadings, should have hit the issues of illegitimacy, unconstitutionality and statute of limitations head on like two wild rams during the mating season. Instead, they danced, bobbed and weaved like boxers in the ring, skirting those questions. (402 So.2d at 717).
Under our holding in Knight, supra, appellant's claim was barred by the six-year general statute of limitations after she attained the age of twenty-one.
While the present cause was pending in chancery court, the legislature amended Mississippi Code Annotated section 91-1-15(2) (Supp. 1982), effective July 1, 1981. That section provides:
(2) An illegitimate shall inherit from and through the illegitimate's natural father and his kindred, and the natural father of an illegitimate and his kindred shall inherit from and through the illegitimate according to the statutes of descent and distribution if:
(a) The natural parents participated in a marriage ceremony before the birth of the child, even though the marriage was subsequently declared null and void or dissolved by a court; or
(b) There has been an adjudication of paternity or legitimacy before the death of the intestate; or
(c) There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under sections 91-1-27 and 91-1-29. However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child. No claim of inheritance based on an adjudication of paternity, after death of the intestate, by a court outside the state of Mississippi shall be recognized unless:
(i) Such court was in the state of residence of the intestate at the time of the intestate's death;
(ii) The action adjudicating paternity was filed within ninety (90) days after the death of the intestate;
(iii) All known heirs were made parties to the action; and
(iv) Paternity or legitimacy was established by clear and convincing evidence.
(d) The natural father of an illegitimate and his kindred shall not inherit;
(i) From or through the child unless the father has openly treated the child as his, and has not refused or neglected to support the child.
(ii) Any part of the natural mother's estate from or through the illegitimate if the illegitimate dies unmarried and without issue, and also predeceases the natural mother. In the event of the death of an illegitimate, unmarried and without issue, any part of the illegitimate's estate inherited from the mother shall be inherited according to the statutes of descent and distribution.

*638 Any claim existing prior to July 1, 1981, concerning the estate of an intestate whose death occurred prior to such date by or on behalf of an illegitimate or an alleged illegitimate child to inherit from or through its natural father and any claim by a natural father to inherit from or through an illegitimate child shall be brought within three (3) years from and after July 1, 1981, and such time period shall run notwithstanding the minority of a child. (Emphasis added).
Following our decision in Knight, April 1, 1981, appellee amended his answer to include a plea in bar based on the six-year general statute of limitations as interpreted in Knight. Thereafter, a hearing was held on appellee's plea in bar which resulted in the dismissal of appellant's petition on May 20, 1981.
Mississippi Code Annotated section 91-1-15(2) as amended by Laws of 1981, Ch. 529 § 1 provides a three-year savings clause as follows: `Any claim existing prior to July 1, 1981, ... shall be brought within three years from and after July 1, 1981.'
It has been suggested that the above section gives the appellant, Emma Gunn Webber, an additional three years from and after July 1, 1981, within which to bring her suit to establish paternity or heirship. However, this argument overlooks Mississippi Constitution Art. IV., § 97 which provides:
The legislature shall have no power to revive any remedy which may have become barred by lapse of time, or by any statute of limitations of this state.
The appellant's remedy or right of action became barred under our holding in Knight six years after she became twenty-one, that is, upon her 27th birthday; and, in view of the constitutional provision cited above, once her claim became barred, no legislative act could revive or breathe life back into it. North British & Mercantile Ins. Co. of London and Edinberg v. Edwards, 85 Miss. 322, 37 So. 748 (1905).
The appellant contends that this is not an action to establish paternity under section 93-9-29 but is an action to determine heirship under section 91-1-27[3] and that her right of action did not accrue until the death of Mack Kidd in July 1978.
However, the appellant's argument overlooks the fact that in order to establish one's self as an heir of one's father that an essential element thereof in the case of children born out of lawful wedlock is to establish paternity and this Court has held that such an action must be brought within six years after the person becomes twenty-one years of age. Knight, supra. This is true whether the putative father is alive or dead.
However, the appellant argues that she could not have brought suit to be declared an heir under section 93-9-29(5) because that subsection contains a condition precedent to the court's entering an order of filiation declaring the child to be an heir `if the father of the child is unmarried and could lawfully have consummated a marriage with the mother of the child under the laws of this state.' She contends that she falls within this condition precedent because her putative father was married and was not capable of consummating a marriage with her mother. We are of the opinion and so hold that the condition precedent violates the equal protection clause of the Constitution of the United *639 States as interpreted by Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977),[4] and therefore is void. Consequently, once paternity is established under section 93-9-29, the right of heirship attaches as a matter of law and need not necessarily be recited in the order of filiation.[5]
Mississippi's six-year general statute of limitations, section 15-1-49, is related to several legitimate state interests: (1) avoiding the litigation of stale or fraudulent claims; (2) the fair and just disposal of an intestate decedent's property; and (3) the repose of titles to real property in the state. This six-year statute of limitations, which this Court has interpreted to run from the 21st birthday of an illegitimate child is sufficiently long in duration to present a reasonable opportunity for those persons or persons with an interest in such children to assert claims on their behalf and withstands the criticism of Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). The Court in Mills struck down a Texas statute barring paternity suits brought on behalf of illegitimate children more than one year after their birth as being in violation of the equal protection clause of the Constitution. It should also be noted that in that case Justice O'Connor, with the Chief Justice, Justice Brennan and Justice Blackmun joining and filed a separate opinion saying in part, `Although I agree with the Court's analysis and result, I write separately because I fear that the opinion may be misinterpreted as approving the four-year statute of limitation now used in Texas. See Tex.Fam.Code Ann. § 13.01 (1981).' Although we pass no judgment on the constitutionality of section 91-1-15(2) as amended in 1981, we have held it is not applicable in this case and we suggest that those relying on that statute should carefully read and analyze Mills, supra."
For the above reasons, the judgment of the lower court dismissing appellant's petition should be affirmed.
BROOM, P.J., and ROY NOBLE LEE, J., join this dissent.
NOTES
[1] This section was subsequently amended to provide as follows from and after July 1, 1981:

The obligation of the estate of the father for liabilities under Section 93-9-7 is limited to amounts accrued prior to his death. However, in order to hold the estate of the father liable under Section 93-9-7, the action must be filed within one (1) year after the death of the father or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less.
[1] Justice R.P. Sugg who retired from the Court on January 15, 1983, had voted with the original majority opinion; thereafter, Justice James Robertson was appointed to replace Justice Sugg and chose to vote to grant the petition for rehearing.
[2] § 93-9-29 has been amended by the Laws of 1981, Ch. 529, § 4, effective after July 1, 1981.
[3] In all cases in which persons have died, or may hereafter die, wholly or partially intestate, having property, real or personal, any heir at law of such deceased person, or any one interested in any of the property as to which he shall have died intestate, may petition the chancery court of the county in which said deceased had his mansion house or principal place or residence, or in which any part of his real estate may be situated, in case he was a nonresident, setting forth the fact that said person died wholly or partially intestate, possessed of real or personal property in the State of Mississippi, the names of the heirs at law or next of kin, and praying that the person named in said petition be recognized and decreed to be the heir at law of said deceased.
[4] On petition for rehearing, the majority holds that Trimble v. Gordon be given prospective application only. In my opinion, that is a prerogative of the United States Supreme Court not yet expressed, and not for this Court to decide.
[5] This does not mean that a parent cannot dispose of his assets by will to the exclusion of his children, either legitimate or illegitimate.